Robert J. **HAYES**

v.

**BILL HALEY AND HIS COMETS, INC.**

**Civ. A. No. 31164.**

United States District Court
E. D. Pennsylvania.

March 29, 1963.

Joseph F. Mulcahy, Jr., Chester, Pa., for plaintiff.

Harry R. Back, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

This is an action to recover unpaid minimum wages, overtime compensation, liquidated damages and attorney's fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, for work performed for the defendant by the plaintiff. Presently before us is defendant's motion for a more definite statement, under F.R.C.P. 12(e).

■ The complaint avers that plaintiff was employed by defendant from March 1959, to April 1961, as manager of its orchestra, and also to do publicity work and to secure employment for defendant; that defendant employed plaintiff at a weekly salary of $200, which was later increased to $300 and then to $400; that during the period of his employment, plaintiff worked for defendant an average of 70 hours per week.

Defendant's objections are directed particularly to the following allegations: During the period of his employment, plaintiff has performed work for which he has not received any compensation, and has performed overtime work for which no additional compensation was paid him by defendant, in violation of the Act; that during the period of said employment, defendant failed on many occasions to pay plaintiff any salary, and on other occasions to pay plaintiff his full salary; that because of defendant's said violations of the Act, there is due and owing by defendant to plaintiff "substantially about" $13,580; that during the period of said employment, defendant failed to make any payments for the overtime hours worked by plaintiff; that because of defendant's said violations of the Act, there is due and owing by defendant to plaintiff "substantially about" $6,552.60.

Defendant contends that the complaint is insufficient because it fails to state (1) the actual hours of employment; (2) how much of plaintiff's earnings were paid and unpaid; (3) the actual hours allegedly worked overtime; (4) the exact amount of any unpaid minimum wage.

■ We think defendant's objections are without substantial merit. Because of the peculiarities of defendant's business, and the nature of plaintiff's employment, it was probably impossible for plaintiff to do more than plead the average hours of work per week, unless he set forth a detailed day-to-day schedule of his activities over the two-year period of his employment. Notice pleading does not contemplate such particularity in plaintiff's complaint.

■ The complaint sufficiently defines how much of plaintiff's earnings were unpaid. It is not necessary to state the exact amount claimed. Smith v. Stark Trucking, Inc., 53 F.Supp. 826 (N.D. Ohio, E.D.–1943). The amount of plaintiff's earnings paid is not in issue at this time.

The actual overtime hours which plaintiff allegedly worked can be determined by a simple arithmetical calculation, since the complaint states the entire

period of plaintiff's employment and the average hours worked per week. What we have said concerning plaintiff's hours of employment, generally, applies with equal force here.

Paragraph 14 of the complaint alleges with sufficient accuracy, for present purposes, the amount of any unpaid minimum wage.

We do not agree that the complaint is so vague or ambiguous that defendant cannot reasonably be required to frame an answer. F.R.C.P. 12(e). To the contrary, we think plaintiff has stated his claim for relief as required by Rule 8 (a). The complaint is sufficiently clear and definite to enable defendant to state its defense in accordance with Rule 8(b). Whatever additional information defendant requires, it can obtain by discovery proceedings.

### ORDER

Now, March 29th, 1963, it is ordered that defendant's motion for a more definite statement be, and it is, denied.