Jian ZHONG, Plaintiff,

v.

AUGUST AUGUST CORP. d/b/a River Vietnamese & Thai Restaurant, Defendant.

No. 06 Civ. 2429(VM).

United States District Court, S.D. New York.

July 23, 2007.

Justin Alexander Zeller, The Law Office of Justin A. Zeller, P.C., New York, NY, for Plaintiff.

Sanjay Chaubey, Law Offices of Sanjay Chaubey, New York, NY, for Defendant.

## *DECISION AND ORDER*

MARRERO, District Judge.

Plaintiff Jian Zhong ("Zhong") filed this action on behalf of himself and others similarly situated, seeking redress by reason of defendant August August ("August") Corp.'s alleged denial of both overtime compensation and minimum wages required by both the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b), and the New York Minimum Wage Act (the

"NYMWA") and its ensuing regulations, N.Y. Labor Law ("NYLL") §§ 650 *et seq.* and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142–2.2.

The amended complaint alleges three causes of action, that August violated: (1) the overtime compensation provision of the FLSA, 29 U.S.C. § 207; (2) the minimum wage standards of the FLSA, 29 U.S.C. § 206; and (3) both the minimum wage and overtime compensation provisions of the NYMWA, NYLL §§ 650 *et seq.* and 12 N.Y. ADC § 142–2.2. Zhong's first two claims are grounded in the FLSA § 216(b), which provides for a private right of action against an employer who violates the provisions of FLSA §§ 206 or 207. The complaint cites 28 U.S.C. § 1337 as the basis of this Court's jurisdiction for the FLSA claims, and 28 U.S.C. § 1367 as the basis of jurisdiction for the supplemental state law claims.

August has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b). Based on the content of the motion and accompanying memorandum, the Court reads the motion as one seeking to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

For the reasons set forth below, August's motion is granted in part and denied in part, without prejudice. Zhong is given leave to amend the complaint in order to resolve the issues discussed herein.

## I. *BACKGROUND*[1]

In ruling on August's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the following facts, which are alleged in Zhong's amended complaint, as true for this pur-

---

1. The factual recitation below derives from Zhong's amended complaint ("Compl."), dated June 9, 2006. Except where quoted or otherwise specifically cited, no further reference will be made to this document.

pose. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) *(citing Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001)).

Between late July of 2005 and December 15, 2005, Zhong worked as a delivery person for August, d/b/a River Vietnamese and Thai Restaurant. Zhong worked for three hours per day from Monday through Thursday, and for four hours per day on Fridays and Saturdays. During this time, Zhong was paid a daily salary of $10.00.

Zhong alleges that he was paid for his employment at a rate less than the minimum wages imposed by both the FLSA and the NYMWA. He alleges further that he was not paid time and one-half of his regular pay rate for the hours he worked in excess of forty per week.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers,* 282 F.3d at 152. However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 771 (2d Cir.1994) (quotation marks and citation omitted). The Court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

### B. *REQUIREMENTS OF A CLAIM UNDER THE FLSA*

The language of the FLSA's minimum wage and overtime compensation provisions establish the elements that should be alleged in order to survive a motion to dismiss. First, these provisions are binding only where there existed between the plaintiff and the defendant an employee-employer relationship. *See* FLSA §§ 206(a) and 207(a)(1). A complaint should allege that such a relationship existed in order to demonstrate the plaintiff's eligibility to recover damages. Second, the FLSA's minimum and overtime wage provisions apply only to employees whose work involved some kind of interstate activity. *See id.* Third, where the plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least approximately, allege the hours worked for which these wages were not received. Finally, where a plaintiff brings an FLSA claim "for and in behalf of himself . . . and other employees similarly situated," the complaint should indicate who those other employees are, and allege facts that would entitle them to relief. FLSA § 216(b).

#### 1. *Definition of Employer under the FLSA*

The FLSA's minimum and overtime wage provisions apply only to "employees" who are "employed" by "employers." *See* FLSA §§ 206(a) and 207(a)(1); *see also* § 203(e)(1). The FLSA's definition of "'[e]mploy' includes to suffer or permit to work," and an "'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." FLSA §§ 203(g) and 203(d).

In the present case, Zhong did not specifically allege that August was his "employer" in the sections of the complaint relating to his FLSA claims. He has, however, alleged that he "was an employee," and that he "was employed by" Au-

gust. (Compl. ¶¶ 1 and 8). He has also referred to August as his "employer" in the provisions of the complaint related to his state law claims. (Compl. ¶ 18).

Fed.R.Civ.P. 8(a) requires "a plaintiff [to] disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir.2000) (*quoting Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991)). A reasonable inference that the Court can draw from a fair reading of Zhong's allegations is that August was indeed Zhong's "employer" as that term is defined by the FLSA. At the very least, the pleading is sufficient to enable August to conclude that Zhong is asserting that an employee-employer relationship existed between the parties. Since the Court must draw all reasonable inferences in favor of the plaintiff at the pleading stage, Zhong has sufficiently alleged this element of his FLSA claim. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system . . . ."); *see also Chambers*, 282 F.3d at 152.

### 2. *Enterprise Engaged in Commerce*

■ Only those employees who are "engaged in commerce or in the production of goods for commerce," or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" may seek recovery under the FLSA's minimum and overtime wage provisions. *See* FLSA §§ 206(a) and 207(a)(1). Zhong has alleged that "[a]t all times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s)." (Compl. ¶ 5). In that §§ 203(r) and 203(s)

clearly outline a definition of "enterprise" that encompasses any entity that is "engaged in commerce or in the production of goods for commerce," Zhong has properly alleged this element of a FLSA claim.

### 3. *Damages Alleged*

#### a. *Minimum Wage Allegations*

■ FLSA § 206(a)(1) entitles employees to a wage "not less than $5.15 an hour. . . ." Zhong has alleged that he was paid a daily salary of $10.00 during his employment, and that he worked for either three or four hours per day, Monday through Saturday. (*See* Compl. ¶ 8). Zhong's hourly salary was therefore between $2.50 and $3.33 per hour. By alleging wages paid of less than $5.15 per hour, Zhong has adequately pled this element of a FLSA claim for minimum wage violations.

While a claim under the FLSA to recover unpaid minimum or overtime wages should indicate the applicable rate of pay and the amount of unpaid minimum or overtime wages due, the earnings Zhong alleges he is owed can be readily determined from his statements regarding his pertinent salary and working hours. *See Hayes v. Bill Haley & His Comets, Inc.*, 32 F.R.D. 323, 324–25 (E.D.Pa.1963) (finding that "the complaint sufficiently defines how much of plaintiff's earnings were unpaid" where "a simple arithmetical calculation" could be used to derive the amount owed from the stated "period of plaintiff's employment and the average hours worked per week."). While Zhong has not stated any actual amount that he believes he is owed for his minimum wage claims, he has provided enough information to give August sufficient notice from which to calculate the alleged damages.

Zhong has indicated that he worked for twenty hours per week, spread out over six days per week, at a wage of $10.00 per

day, for a total of (roughly) twenty weeks. (*See* Compl. ¶ 8). Accordingly, the Court can conclude that Zhong has alleged that he was paid $1,200.00 for the duration of his employment. During the year that Zhong was employed, the FLSA § 206(a)(1) required that employees receive "not less than $5.15 an hour." Since Zhong is claiming to have worked a total of 400 hours, he should have received $2,060.00. Thus, his pleadings are sufficient to inform August that the damages he claims for the § 206 violation are the difference between these two figures, $860.00.

b. *Overtime Wage Allegations*

■ The Court is not persuaded, however, that Zhong has met this burden as to the alleged violation of FLSA § 207, the overtime pay provision, because of an internal conflict within the complaint regarding the hours that Zhong worked each week. Zhong repeatedly refers to having "regularly worked overtime hours," but he also states that he "worked from 4:00 p.m. until 7:00 p.m. from Monday through Thursday, and 4:00 p.m. until 8:00 p.m. on Friday and Saturday" for the duration of his employment with August. (Compl. ¶¶ 8 and 11). Because these alleged working hours add up to only twenty, they fail to suggest that Zhong is entitled to overtime compensation, which is available only for hours worked in excess of forty per week. *See* FLSA § 207(a)(1).

The Court recognizes that these stated working hours may simply be Zhong's typical weekly hours; the possibility exists that Zhong worked beyond forty hours on one or more occasions. However, "[s]imply stating that [a plaintiff] w[as] not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA." *Acosta v. The Yale Club*, No. 94–

CV–0888, 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995).

■ Zhong's failure to assert facts that support his claim for overtime compensation also fails to satisfy Fed.R.Civ.P. 8(a)(3), which requires that a complaint contain "a demand for judgment for the relief the pleader seeks." Though Zhong has provided sufficient information for the Court to be able to calculate the damages claimed with regard to the minimum wage violation, he has failed to do so as to the alleged violation of the overtime compensation provision of the FLSA. As discussed above, Zhong has merely alleged that he worked "beyond 40 hours per week." (Compl.¶ 4). For these reasons, the Court finds that Zhong has not properly pled facts to support his claim for overtime compensation.

4. *Others Employees Similarly Situated*

■ The FLSA permits a plaintiff to bring an action "against any employer . . . in behalf of himself . . . and other employees similarly situated." § 216(b). While neither the FLSA nor its accompanying regulations define the term "similarly situated," courts have held that plaintiffs must, at least, provide "a modest factual showing sufficient to demonstrate that they and potential plaintiffs . . . were victims of a common policy or plan that violated the law." *Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y.1998); *see also Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261–62 (providing an example of sufficient pleading for similarly situated employees which included supporting affidavits from other restaurant managers, a description of the company-wide policy at issue, and evidence that the identified group of employees were subject to that policy).

Zhong has attempted to bring this suit on behalf of both himself and others similarly situated. The complaint states in its caption that "others similarly situated" are, in addition to Zhong himself, parties to the action, but these "others" are referenced only minimally in the body of the complaint itself. (*See* Compl. ¶¶ 9, 15). To the extent that Zhong is attempting to signal an effort to initiate collective action certification by invoking the phrase "other similarly situated," Zhong has not met this standard. There is no reference made to a policy to which other employees are subject, nor to any company policy at all. In fact, Zhong neither generally nor specifically names or references any other plaintiffs. Thus, Zhong has not offered August sufficient notice of this aspect of his claim, or factual basis from which the Court can determine whether similarly situated plaintiffs do exist. *See, e.g., Schwed v. Gen. Elec. Co.*, 159 F.R.D. 373, 375–76 (N.D.N.Y.1995). In the absence of such detail, the Court finds that Zhong has not sufficiently alleged an action on behalf of others similarly situated.

### 5. *Supplemental State Law Claims*

■ In addition to his federal claims, Zhong has also alleged that August violated NYLL §§ 190 *et seq.* ("Article 6") and §§ 650 *et seq.* ("Article 19"), the state law provisions that regulate minimum wage and overtime compensation. With respect to the minimum wage claims, detailed in NYLL § 652(1), Zhong has sufficiently alleged state minimum wage violations. The NYMWA "requires every employer to pay each of his employees at least the amount set forth in the statute." *Faculty Student Ass'n of State Univ. of Oneonta, Inc. v. Ross,* 54 N.Y.2d 460, 446 N.Y.S.2d 205, 430 N.E.2d 1258, 1259 (1981). Zhong has identified himself as an employee and August as an employer; he has also listed the relevant statutory wage requirements and averred that August willfully refused to pay him at that wage. During the time of Zhong's alleged employment, that wage rate was $6.00 per hour, $0.85 higher than the wage rate in the comparable provision of the FLSA. Following the same arithmetic computation described above, Zhong is alleging that he was paid only $1,200.00 when he was entitled to $2,400.00. He is therefore claiming $1,200.00 in damages for August's violation of this provision, and he satisfies the required pleading standards for a claim under this statute. Since "[t]he state and federal claims ... derive from a common nucleus of operative fact," and those claims have both been sufficiently alleged, the Court will exercise supplemental jurisdiction and hear the state and federal minimum wage claims. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ The Court will not, however, exercise such jurisdiction with respect to the state law overtime compensation claims. Under 28 U.S.C. § 1367(c), a federal court "may decline to exercise supplemental jurisdiction over a [supplemental state claim] if ... the district court has dismissed all claims over which it has original jurisdiction." When, as here, "a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction" over the remaining state law claims. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 515, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Such action is unnecessary in this case because Zhong has not sufficiently alleged the facts necessary to sustain an independent recovery of overtime compensation under the state law. The Court will therefore dismiss the state law claim pertaining to Zhong's alleged unpaid overtime wages, and retain the claim for unpaid minimum wages under New York state law.

## C. *LEAVE TO AMEND*

 When a plaintiff's claims are dismissed because of pleading deficiencies, the Court reserves the option to grant the plaintiff an opportunity to amend the complaint. *See* Fed.R.Civ.P. 15(a). The Second Circuit has repeatedly expressed its lenient stance towards allowing plaintiffs to amend claims that have been dismissed pursuant to Fed.R.Civ.P. 12(b)(6). *See Porat v. Lincoln Towers Cmty. Ass'n,* 464 F.3d 274, 276 (2d Cir.2006). Accordingly, the Court will allow Zhong to replead so that his claims may be tested on their merits.

## III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Docket No. 10) of defendant August, August Corp. ("August") is GRANTED with respect to the claims of plaintiff Jian Zhong ("Zhong") for the violation of the FLSA § 207 and for the related state law claims pursuant to 12 NYCRR § 142–2.2; and it is further

**ORDERED** that August's motion is DENIED with respect to Zhong's claims pursuant to the FLSA § 206 and the related state law claims under NYLL § 650 *et seq.;* and it is further

**ORDERED** that Zhong is granted leave to file, by not later than twenty (20) days from the Date of this Order, an amended complaint repleading any of the claims dismissed herein; and it is finally

**ORDERED** that the parties are directed to confer and submit by August 3, 2007 a proposed case management plan for pretrial proceedings herein.

**SO ORDERED.**