Kristina JONES & Kim Marrs, Individually and on behalf of others similarly situated, Plaintiffs,

v.

CASEY'S GENERAL STORES, Defendant.

No. 4:07–cv–400.

United States District Court, S.D. Iowa, Central Division.

March 20, 2008.

Eric P. Blank, Blank Law & Technology P.S., Seattle, WA, Jonathan W Cuneo, Jon A. Tostrud, R. Brent Walton, Matthew Wiener, Cuneo Gilbert & Laduca LLP, Washington, DC, J. Barton Goplerud, Hudson Mallaney & Shindler PC, West Des Moines, IA, Jon E. Heisterkamp, Scott H. Peters, Peters Law Firm PC, Council Bluffs, IA, Ryan F. Stephan, James B. Zouras, Stephan Zouras, LLP, Chicago, IL, for Plaintiffs.

Jason Michael Craig, Nathan John Overberg, Edward W. Remsburg, Amanda G. Wachuta, Ahlers & Cooney PC, Des Moines, IA, Jeffrey D. Hanslick, Kimberly A. Jones, Husch Blackwell Sanders LLP, Kansas City, MO, for Defendant.

## ORDER

ROBERT W. PRATT, Chief Judge.

Before the Court is Defendant's Objections to Magistrate's January 25, 2008 Order Granting Plaintiffs' Motion to File Amended Collective Action Complaint (Clerk's No. 169), filed February 8, 2008. Plaintiffs filed a resistance to the Defendant's Objections on February 25, 2008. Clerk's No. 185. Defendant has not filed a timely reply to Plaintiffs' resistance. Defendant's request for oral argument on the matter is denied, as the Court does not believe that oral argument will substantially aid the resolution of the Defendant's Objections. Accordingly, the matter is fully submitted.

## I. BACKGROUND

Plaintiffs filed a Complaint in the above-captioned action on May 30, 2007, alleging that Defendant failed to properly pay overtime compensation to its assistant managers, as required by the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq. *See* Clerk's No. 64.3. On October 31, 2007, this Court conditionally certified Plaintiffs' FLSA claim as a collective action. *See* Clerk's No. 127. In its October 31, 2007 Order, the Court further provided the form of notice to putative opt-in collective members, and the manner in which such notice should be disseminated. *Id.* The deadline for opt-in consents provided in the Court approved notice was February 1, 2008. *Id.*

On November 20, 2007, Plaintiffs filed a Motion to Amend/Correct Collective Action Complaint. *See* Clerk's No. 133. In their Motion, Plaintiffs stated that "[s]ignificant developments have occurred since [the filing of the original Complaint] and the attached Amended Collective Action Complaint (Jury Trial Demanded) further clarifies and refines the nature of Plain-

tiff[s'] claims." *Id.* Specifically, Plaintiffs' Amended Complaint adds an allegation within the FLSA claim that Defendant failed to properly pay employees a minimum wage for all hours worked, in violation of § 206 of the FLSA. Plaintiffs' Amended Complaint further asserts fourteen new "class action" counts premised on various statutes from Iowa, Illinois, Indiana, Kansas, Minnesota, Missouri, Nebraska, and South Dakota. Defendant filed a resistance to Plaintiffs' Motion to Amend on December 6, 2007. Clerk's No. 138. Defendant resisted the amendments to the extent that Plaintiffs sought to add a minimum wage claim under the FLSA claim in Count I, and with regard to the newly asserted Counts V (Violation of Illinois Rest and Meal Break Requirements), VI (Violation of Indiana Minimum Wage and Overtime Requirements), VII (Violation of Kansas Minimum Wage and Overtime Requirements), VIII (Violation of Kansas Record Keeping Requirements) and XIII (Violation of Missouri Record Keeping Requirements). In general, Defendant argued: 1) Plaintiffs' proposed amendments would be futile; 2) the amendment to the FLSA claim would be unfairly prejudicial to Defendant because of Plaintiffs' undue delay in asserting the claim; and 3) the amendments should not be allowed because they would substantially alter the scope of the lawsuit.

Chief Magistrate Judge Thomas Shields held a hearing on Plaintiffs' Motion to Amend on December 14, 2007. *See* Clerk's No. 175. On January 25, 2008, Chief Magistrate Judge Shields issued an Order granting the Plaintiffs' Motion to Amend, finding that "a fair reading of the amended complaint on its face does not compel the undersigned magistrate judge to make a finding as a matter of law that under no set of circumstances, or based upon the legal issues alleged, that plaintiffs could not obtain a judgment against defendant." Clerk's No. 159 at 3. The

magistrate judge further found that, given the mandate to liberally permit amendments, the legal defenses asserted by Defendant would be "better asserted and vetted in the context of dispositive motions." *Id.* at 4.

## II. STANDARD OF REVIEW

■ There are two standards for a district court's review of the order of a magistrate judge. A nondispositive order may only be reversed if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(a); Fed.R.Civ.P. 72(a). Conversely, if the order concerns a dispositive motion, the district court must review the magistrate judge's decision de novo and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). Because the present matter deals with a nondispositive matter, the Chief Magistrate Judge's order is subject to a "clearly erroneous or contrary to law" standard of review. A finding is clearly erroneous when, after considering the entire record, the reviewing court has been definitely and firmly convinced that a mistake has been committed. *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

## III. LAW AND ANALYSIS

Defendant argues that the Chief Magistrate Judge's ruling: 1) failed to consider Defendant's argument that Plaintiffs unduly delayed in asserting an FLSA minimum wage claim to the prejudice of Defendant; 2) applied the wrong standard in considering Defendant's argument that Plaintiffs' proposed FLSA minimum wage claim would be futile; and 3) erred in determining that factual issues precluded Defendant's futility arguments with respect to Counts V, VI, VII, VIII, and XIII. Defen-

dant requests that the Court find Chief Magistrate Judge Shields' January 25, 2008 Order to be clearly erroneous or contrary to law.

 The determination of whether to grant leave to amend a complaint after a responsive pleading has been filed rests in the "broad discretion" of the district court, though such leave "shall be freely given when justice so requires...." *See Baptist Health v. Smith,* 477 F.3d 540, 544 (8th Cir.2007); Fed.R.Civ.P. 15(a). "There is no absolute right to amend and a court may deny the motion based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health,* 477 F.3d at 544 (citations omitted).

### A. *Undue Delay*

Defendant first argues that the magistrate judge failed to consider its argument that Plaintiffs unduly delayed in bringing the FLSA minimum wage claim, to the prejudice of Defendant. While the magistrate judge did note that Defendant asserted undue delay and prejudice as a basis for its resistance to Plaintiffs' Motion to Amend, the only reference in the ruling that could be construed as addressing that argument is the following statement: "The Court does not necessarily agree that allowing various other state claims in a class action, along with the FLSA claim, would cause undue delay, and would amount to a massive waste of time by the parties in reaching agreement on § 216 notices." Clerk's No. 159 at 3. Defendant urges that Judge Shields' ruling is clearly erroneous because it fails to consider the merits of Defendant's argument: "Rather than con-

sider whether plaintiffs unduly delayed in *asserting* [their] claim to the prejudice of Casey's, Judge Shields instead considered whether the amendment would unduly delay the proceedings themselves.... This was clearly not the argument advanced by Casey's." Def.'s Objections Br. at 4.

In its resistance to Plaintiffs' Motion to Amend the FLSA claim, Defendant argued that Plaintiffs had not advanced any explanation as to why they waited six months after the filing of the original Complaint to raise an FLSA minimum wage claim. "The alleged conduct that forms the basis for [Plaintiffs'] minimum wage claim is precisely the same conduct that forms the basis for their overtime' claim. This is not a case where the amendment was prompted by newly discovered evidence." Def.'s Br. in Resistance to Pls.' Mot. to Amend at 8. Plaintiffs never filed a responsive pleading to Defendant's Resistance to their Motion to Amend.[1] At the hearing on the Motion to Amend, however, Plaintiffs emphasized that the motion stemmed from a "tremendous amount of activity in the last 4 to 6 weeks in this case." Hr'g Tr. at 5. In particular, Plaintiffs noted that, as of the date of the hearing, approximately 500 individuals had opted into the FLSA litigation, and that Defendant had paid approximately $500,000 in back wages and overtime to current and former Casey's assistant managers. *Id.* With this activity as a backdrop, Plaintiffs argued:

The bottom line is that the Plaintiffs' lawyers have been very busy investigating the additional claims of the persons who have opted into this case, and these motions to amend represent the results

---

1. Plaintiffs' counsel stated at the hearing before Chief Magistrate Judge Shields: "The motion to amend the complaint is technically not fully briefed yet. The Pacer site indicated that the plaintiffs had until December 18th [2007] to file a response. We think that we probably do not need to file a response to the defendant's resistance, but I did want to at least make that clear to the Court." Hr'g Tr. at 4–5.

to date of our investigation. With respect, specifically, to the motion to amend the complaint, Judge Shields, it's the Plaintiffs' contention that the motion to amend should be granted because the case is in its infancy. Discovery has really barely begun in this case. The trial is 18 months away, and given the preliminary status of the case, we think that the motion is entirely appropriate. *Id.* at 6. In their resistance to Defendant's Objections, Plaintiffs further state that, "after the form of the 216(b) Notice was finally agreed upon in November, Plaintiffs had received enough consents, and had talked to enough Assistant Managers, to reasonably believe that a substantial number were entitled to relief under Rule 23, and that some would be entitled to FLSA minimum wage relief." Pls.' Resistance Br. at 2.

 The Court agrees with Defendant that Plaintiffs have not provided a logical reason for the delay in bringing the allegation of FLSA minimum wage violations. Plaintiffs have provided the Court with no reason that the claim could not have been brought at the same time as the overtime FLSA claim, and no evidence that the claim arises from some newly discovered evidence. Nonetheless, "[d]elay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir.2004). In that regard, Defendant argues that the timing of Plaintiffs' amendment is highly prejudicial to it, as the parties have already spent significant time and expense litigating the issues surrounding the § 216 Notice to be issued in regard to the original FLSA claim. Defendant expresses concern that Plaintiffs are using their attempt to amend the FLSA claim as a "justification to take 'a second bite at the apple' by mailing out another round of 216(b) Notices," despite this Court's previous ruling prohibiting Plaintiffs from mailing the Notice materi-

als to putative collective members more than one time. Plaintiffs counter that Defendant's argument is insufficient to show that, "in fact, some avoidable prejudice has occurred." Pls.' Resistance Br. at 2. Further, Plaintiffs "respectfully state that they have no intention whatsoever of requesting another 216(b) Notice related to minimum wage claims. Even if it were, that issue would be entirely up to the Court, who would take up its propriety at that time." *Id.*

 Having considered the arguments of the parties, the Court does find that the magistrate judge erred in not fully and explicitly considering Defendant's argument of undue delay and unfair prejudice. This finding, does not, however, warrant reversal of the magistrate judge's ruling on the issue of undue delay and prejudice. Defendant has failed to show that granting Plaintiffs' request to amend the FLSA claim is, in fact, prejudicial to it. The prejudice Defendant has asserted, i.e., that the time and expense that has already gone into the issuance of the 216(b) Notice will be wasted, is speculative, at best. Given this Court's familiarity with the record, and the language of the Amended Complaint, it appears that any allegations of FLSA minimum wage violations are inherently intertwined with the claims of FLSA overtime violations, such that an additional 216(b) Notice would not serve to further the purposes of the present litigation. Were Plaintiffs to depart from their stated intention not to request another 216(b) Notice, Defendant would have a full and fair opportunity to resist further Notice issuance, and the Court would seriously entertain any allegations of prejudice at that time. The issue of prejudice is moot, however, in light of the Court's determination, to be explained more fully below, that the assertion of the FLSA minimum wage claim is futile.

## B. *Futility of the FLSA Minimum Wage Claim*

In addressing Defendant's argument that permitting Plaintiffs to amend the FLSA claim to add a minimum wage claim would be futile, Chief Magistrate Judge Shields stated that "a fair reading of the amended complaint on its face does not compel the undersigned magistrate judge to make a finding as a matter of law that under no set of circumstances, based upon the legal issues alleged, that plaintiffs could not obtain a judgment against defendant." Clerk's No. 159 at 3. Defendant argues that the magistrate judge erred by applying the wrong standard in considering whether the amendment of the FLSA claim should be denied as futile.

As noted *supra,* a court has discretion to deny leave to amend upon a finding of futility. *See Baptist Health,* 477 F.3d at 544. "The denial of leave to amend based on futility means that the ... amended complaint fail[s] to state a claim." *United States ex rel. Gaudineer & Comito, L.L.P. v. State of Iowa,* 269 F.3d 932, 936 (8th Cir.2001). Thus, amendment should only be permitted if the amended complaint could survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See In re Senior Cottages of Am., LLC,* 482 F.3d 997, 1001 (8th Cir. 2007) ("[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion...").

Since 1957, courts addressing Rule 12(b)(6) motions to dismiss were guided by the principle articulated in *Conley v. Gibson,* "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In 2007, however, the Supreme Court held that the *Conley* standard had "earned its retirement," and implemented a new standard for addressing whether a complaint states a claim upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly,* —— U.S. ——, ——, ——, 127 S.Ct. 1955, 1968, 1968, 167 L.Ed.2d 929 (May 21, 2007). The Supreme Court held that a viable complaint must now include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1965. The new standard is not a "heightened fact pleading" requirement, but "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965, 1974.

*Twombly,* as was the case under *Conley,* the complaint must be liberally construed in the light most favorable to the plaintiff and should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *See id.* at 1964–65; *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 546 (8th Cir.1997). Moreover, when considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true, even if doubtful. *See Twombly,* 127 S.Ct. at 1965; *see also Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Thus, a well-pled complaint may proceed even if it appears "that recovery is very remote and unlikely." *Twombly,* 127 S.Ct. at 1965 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 191, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

Applying the *Twombly* standard to Plaintiffs' Amended Complaint, Defendant urges that the FLSA minimum wage claim is implausible on its face. Specifically, De-

fendant points out that Plaintiffs are not alleging that their rate of pay was less than the minimum wage, but rather that Defendant failed to pay Plaintiffs *any* wage for certain hours actually worked.[2] Defendant points out that, under Eighth Circuit law, an employer does not violate the minimum wage requirements of the FLSA "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir.1986). Thus, according to Defendant, "the mere allegation that certain hours actually worked by Plaintiffs went entirely unpaid fails to allege facts establishing a prima facie case that Casey's violated the minimum wage requirements of the FLSA, and as such fails to 'raise a right to relief beyond the speculative level.'" Def.'s Objections Br. at 6–7.

The Amended Complaint alleges that "Defendant operated under a scheme to deprive Plaintiffs and the collective class of minimum wage and overtime compensation by failing to properly compensate them for all time worked." Am. Compl. ¶ 28. The Amended Complaint further alleges that "Plaintiffs and other assistant managers regularly worked regular time and overtime each week but were not paid regular and overtime wages in violation of the FLSA." *Id.* ¶ 45. "Through its actions, policies and practices, Defendant violated the FLSA minimum wage and overtime pay requirements by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for all hours actually worked." *Id.* ¶ 46. "Defendant also willfully failed to pay minimum wages, overtime pay and other benefits to Plaintiffs and other assistant managers by failing to keep accurate time records to avoid paying them overtime wages and other benefits." *Id.* ¶ 47.

 The language of the FLSA's minimum wage provision establishes the elements that should be alleged in order to survive a motion to dismiss. 29 U.S.C. § 206(a) provides: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce ... wages at the following rates ... [$5.15 per hour]."[3] Thus, "where the plaintiff alleges violations of the FLSA's minimum ... wage provision[ ], the complaint should, at least approximately, allege the hours worked for which these wages were not received." *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y.2007). Moreover, "where a plaintiff brings an FLSA claim 'for and [o]n behalf of himself ... and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Id.* (citing 29 U.S.C. § 216(b)). Here, Plaintiffs' Amended Complaint provides only generic, conclusory assertions of a right to relief under the FLSA minimum wage provisions. Indeed, there is not, on the face of the Amended Complaint, a single *factual* allegation that would permit an inference that even one member of the Plain-

---

2. The allegation in relation to the FLSA minimum wage claim appears to be that Casey's assistant managers worked more than 40 hours per week and were not paid at all for those hours. Thus, the assertion is that the failure to compensate at all for those hours violates both the minimum wage and the overtime provisions of the FLSA.

3. The statute provides for a federal minimum wage of "5.85 an hour, beginning on the 60th day after May 25, 2007," however, the effective minimum wage in the time period at issue in the present litigation was $5.15 an hour.

tiffs' collective has "a right to relief above the speculative level."[4] *Twombly*, 127 S.Ct. at 1965. Accordingly, the Court finds that Plaintiffs' Amended Complaint, to the extent it asserts an FLSA minimum wage claim, is implausible on its face and would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. Accordingly, the Court concludes that the magistrate judge erred in granting Plaintiffs leave to amend with regard to the FLSA minimum wage claim. *See Gaudineer*, 269 F.3d at 936.

### C. *State Law Claims*

Defendant next argues that Chief Magistrate Judge Shields erred in failing to address its futility argument with regard to Plaintiffs' newly asserted state law claims in Counts V (Violation of Illinois Rest and Meal Break Requirements), VI (Violation of Indiana Minimum Wage and Overtime Requirements), VII (Violation of Kansas Minimum Wage and Overtime Requirements), VIII (Violation of Kansas Record Keeping Requirements) and XIII (Violation of Missouri Record Keeping Requirements). Specifically, Defendant argued that Counts V and XIII are futile,

because the statutes at issue do not provide for a private cause of action; Count VI is futile because the statute at issue does not allow for class actions; and Counts VII and VIII are futile because the statutes at issue are inapplicable where both the employee and the employer are covered by the FLSA. The only resistance Plaintiffs have offered to Defendant's arguments, either at hearing or in their resistance to Defendant's Objections to the magistrate judge's order, is one sentence, stating: "Judge Shields correctly held that Defendant was in effect asking the court to dismiss, as defective, a Complaint that hadn't even been filed yet." Pls.' Resistance to Def.'s Objections at 3.

With regard to these state law claims, the magistrate judge stated: "Casey's is asking this Court to in effect make rulings of law upon factual arguments it has advanced, i.e., that … statutes in various other states, including but not limited to Illinois, Indiana and Missouri, by statute, would be excluded. At this juncture, the Court is not in a position to make those factual determinations since the question is only whether the complaint should be amended." Clerk's No. 159 at 3. As De-

---

4. Defendant points out that previously submitted affidavits of four of the representative Plaintiffs, Kim Marrs, Kristina Jones, Melissa Martens, and Candace Uzzle, demonstrate that none of those four would have a viable minimum wage claim under the FLSA. Specifically, Defendant notes that the total weekly wage paid to those individuals, even factoring in the asserted unpaid hours, well exceeds the minimum wage, as required by *Hensley*. 786 F.2d at 357 (finding no FLSA violation, "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement"). Plaintiffs do not dispute that those four representatives do not have viable FLSA minimum wage claims, but emphasize that there are other named Plaintiffs that *may*

have a claim, and that the matter is one "for discovery and evidence, not a matter for dismissal due to futility." Pls.' Resistance to Def.'s Objections at 3. Plaintiffs' argument ignores the purpose of the futility restriction to amending complaints, as well as the purpose of Rule 12(b)(6) motions in general. The Complaint in civil litigation is not an invitation to an unfettered fishing expedition for evidence of wrongs that *might* have occurred, hence the requirement that there be *some* factual allegations in support of the claims asserted, even though such allegations may ultimately be found to be unsupported by evidence. Indeed, the Court notes that Plaintiffs have not only failed to offer a factual basis in support of the FLSA minimum wage claim, but also have failed to provide any cogent legal authority that would warrant permitting the claim to proceed as asserted.

fendant points out, however, if in fact the particular state law claims at issue could not survive a Rule 12(b)(6) motion to dismiss, the claims would be futile and the amendment should not have been permitted.

### 1. *Count V (Violation of Illinois Rest and Meal Break Requirements).*

■ In Count V, Plaintiffs allege that Defendant violated Illinois law by "failing to allow Plaintiffs and class members to take their allowed meal breaks." Am. Compl. ¶ 74. 820 Ill. Comp. Stat. § 140/3 provides: "Every employer shall permit its employees who are to work for 7½ continuous hours or longer ... at least 20 minutes for a meal period beginning no later than 5 hours after the start of the work period." Section 140/8 provides: "Any employer who violates any of the provisions of this Act, shall be guilty of a petty offense, and shall be fined for each offense in a sum of not less that $25 nor more than $100." Furthermore, Section 140/6 provides: "The Director of Labor shall be charged with the duty of enforcing the provisions of this Act and prosecuting all violations thereof...."

No Illinois court has ever explicitly held that § 140/3 provides for a private cause of action. In the only case that appears to come close to dealing with the question, the Illinois Court of Appeals found that the plaintiff had failed to apply the relevant factors to be considered in determining whether a private right of action should be implied, and had "therefore failed to convince [the court] that an implied private cause of action is intended." *Kostecki v. Dominick's Finer Foods, Inc. of Illinois,* 361 Ill.App.3d 362, 372, 297 Ill.Dec. 106, 836 N.E.2d 837 (1st Dist. 2005). Despite the lack of determinative law on this issue, the Court nonetheless concludes that the Illinois legislature did not intend to create a private cause of action when it enacted § 140/3. Nothing in the plain language of the statute implies a private cause of action. Indeed, viewing the statute as a whole, it is clear that the Illinois legislature was quite capable of creating a private cause of action explicitly. The section following § 140/3, § 140/3.1, applies to hotel room attendants, and provides that "every hotel room attendant shall receive a minimum of 2 15–minute paid rest breaks and one 30–minute meal period in each workday on which the hotel room attendant works at least 7 hours." In that subsection of the statute, however, unlike in § 140/3, the legislature specifically provided that "an employer who violates this Section shall pay to the hotel room attendant 3 times the hotel room attendant's regular hourly rate of pay for each workday during which the required breaks were not provided." § 140/3.1(f). The legislature's silence on the issue of a private cause of action in § 140/3 is strong evidence that no such private cause of action was intended, particularly when viewed in conjunction with the penalty and enforcement provisions in §§ 140/6 and 140/8. *See Metzger v. DaRosa,* 209 Ill.2d 30, 282 Ill.Dec. 148, 805 N.E.2d 1165, 1172 (2004) ("[W]here ... the legislature has expressly provided a private right of action in a specific section of the statute, we believe the legislature did not intend to imply private rights of action to enforce other sections of the same statute."). Accordingly, Plaintiffs' assertion of a violation of the Illinois statute is futile and the amendment should not have been permitted.

### 2. *Count VI (Violation of Indiana Minimum Wage and Overtime Requirements).*

■ In Count VI of the Amended Complaint, Plaintiffs assert that "Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23

of the Federal Rules of Civil Procedure." Am. Compl. ¶ 77. Plaintiffs further assert that Defendant "violated Indiana Minimum Wage Act ... by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week." *Id.* ¶ 80. The Indiana Minimum Wage Act, Ind.Code § 22–2–2–1 et seq., provides that employers must pay employees for all hours worked at a rate of pay no less than $5.15 per hour, *id.* § 22–2–2–4(g), and that employers must pay employees one and one-half times the regular rate for hours worked in excess of 40 per week. *Id.* § 22–2–2–4(k). If an employer violates the minimum wage or overtime provisions of the Act, the employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages and in an equal additional amount as liquidated damages." *Id.* § 22–2–2–9. An action for damages may be brought "by any one (1) or more employees for and on behalf of himself or themselves and all other employees of the same employer who are similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

As Defendant points out, the express language of the Indiana statute precludes an action thereunder from proceeding as a class action. Class actions, subject to Federal Rule of Civil Procedure 23, require putative class members to opt *out* if they do not wish to be bound by the outcome of the class action. *See* Fed. R. Civ. P 23(c)(2)(B) ("For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances ... that the court will exclude from the class any member who requests exclusion...."). Since Plaintiffs purport to bring Count VI as a class action claim, the Court would grant a Rule 12(b)(6) motion by the Defendant, since such a claim could not be sustained in light of the express language of § 22–2–2–9. Accordingly, Count VI, as alleged in the Amended Complaint, is futile and amendment should not have been permitted.

3. *Count VI (Violation of Kansas Minimum Wage and Overtime Requirements) and Count VII (Violation of Kansas Record Keeping Requirements).*

■ In Count VII of the Amended Complaint, Plaintiffs allege that "Defendant violated Kansas Statutes section 44–1201 et seq. by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week." Am. Compl. ¶ 86. In Count VIII of the Amended Complaint, Plaintiffs allege that "Defendant violated Kansas Statutes section 44–1209 et seq., by failing to make and keep records of the time Plaintiffs and class members spent each day and each week working for the Defendant." *Id.* ¶ 90. Kansas Statute § 44–1203(a) provides that "every employer shall pay to each employee wages at a rate of not less than $2.65 an hour." Section 44–1209 provides that "every employer subject to any provision of [§§ ] 44–1201 to 44–1213, inclusive, ... shall make and keep, for a period of not less than three (3) years ... a record of the name and occupation of each employee, the rate of pay and the amount paid each pay period to each such employee, the hours worked each day and each work week by each such employee and such other information as the secretary may prescribe...."

An "employer" is defined by the Kansas statute as "any individual, partnership, association, corporation, business trust or any person or group of persons acting

directly or indirectly in the interest of an employer in relation to an employee, *but shall not include any employer who is subject to the provisions of the fair labor standards act* of 1938 (29 U.S.C.A. § 201 et seq.) and any other acts amendatory thereof or supplemental thereto." Kan. Stat. Ann. § 44–1202(d) (emphasis added). Furthermore, § 44–1203(b), provides that "[t]he provisions of this section *shall not apply to any employers and employees who are covered under the provisions of section 6 of the fair labor standards act of 1938 as amended* (29 U.S.C.A. § 206), and as amended by the fair labor standards amendments of 1974 and any other acts amendatory thereof or supplemental thereto." (emphasis added). The Court is unaware of any argument that Defendant is not "subject to" the provisions of the FLSA, within the meaning of § 44–1202(d), or that both Plaintiffs and Defendant are not "covered under the provisions of section 6" of the FLSA, within the meaning of § 44–1203(b). Accordingly, Plaintiffs claims in Counts VII and VIII of the Amended Complaint are invalid on their face and thus futile. The amendment should not have been permitted.

4. *Count XIII (Violation of Missouri Record Keeping Requirements).*

██ In Count XIII of the Amended Complaint, Plaintiffs allege that "Defendant violated Missouri Statute section 290.520 by failing to make and keep records of the time Plaintiffs and class members spent each day and each week working for the Defendant." Am. Compl. ¶ 117. The Missouri minimum wage statute provides, like the other state statutes discussed, *supra,* that a certain minimum wage and overtime rate be paid to employees. The statute provides that the "director[5] shall have authority to investigate

and ascertain the wages of persons employed in any occupation" covered by the act. Mo. Ann. Stat. § 290.510. In furtherance of the goals of the statute, Missouri has imposed a record keeping requirement on employers. Specifically, § 290.520 provides:

Every employer subject to any provision of sections 290.500 to 290.530 or any regulation issued under sections 290.500 to 290.530 shall make and keep for a period of not less then three years on or about the premises wherein any employee is employed or at some other premises which is suitable to the employer, a record of the name, address and occupation of each of his employees, the rate of pay, the amount paid each pay period to each employee, the hours worked each day and each work week by the employee and any goods or services provided by the employer to the employee as provided in section 290.512. The records shall be open for inspection by the director by appointment. Where the records required under this section are kept outside the state, the records shall be made available to the director upon demand. Every such employer shall furnish to the director on demand a sworn statement of time records and information upon forms prescribed or approved by the director. All the records and information obtained by the department of labor and industrial relations are confidential and shall be disclosed only on order of a court of competent jurisdiction.

Mo. Ann. Stat. § 290.520. The enforcement provisions of the Missouri minimum wage law include § 290.525, which provides:

Any employer who hinders the director in the performance of his duties in the enforcement of sections 290.500 to

---

5. The "director" is defined as "the director of the department of labor and industrial rela-

tions or his authorized representative." Mo. Ann. Stat. § 290.500(2).

290.530 by any of the following acts is guilty of a class C misdemeanor:

(1) Refusing to admit the director to any place of employment;

(2) Failing to make, keep and preserve any records as required under the provisions of sections 290.500 to 290.530;

(3) Falsifying any record required under the provisions of sections 290.500 to 290.530;

(4) Refusing to make any record required under the provisions of sections 290.500 to 290.530 accessible to the director;

(5) Refusing to furnish a sworn statement of any record required under the provisions of sections 290.500 to 290.530 or any other information required for the proper enforcement of sections 290.500 to 290.530 to the director upon demand;

(6) Failing to post a summary of sections 290.500 to 290.530 or a copy of any applicable regulation as required;

(7) Discharging or in any other manner discriminating against any employee who has notified the director that he has not been paid wages in accordance with the provisions of sections 290.500 to 290.530, or who has caused to be instituted any proceeding under or related to sections 290.500 to 290.530, or who has testified or is about to testify in any such proceeding;

(8) Paying or agreeing to pay wages at a rate less than the rate applicable under sections 290.500 to 290.530. Payment at such rate for any week or portion of a week constitutes a separate offense as to each employee; [or]

(9) Otherwise violating any provisions of sections 290.500 to 290.530.

Each day of violation constitutes a separate offense.

Mo. Ann. Stat. § 290.525. Furthermore, § 290.527 provides:

Any employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.530 shall be liable to the employee affected for the full amount of the wage rate and an additional equal amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury. The employee may bring any legal action necessary to collect the claim. Any agreement between the employee and the employer to work for less than the wage rate shall be no defense to the action. All actions for the collection of any deficiency in wages shall be commenced within two years of the accrual of the cause of action.

*Id.* § 290.527.

 Nothing in the plain language of § 290.520 provides for a private cause of action. Indeed, when viewing the Missouri minimum wage statute as a whole, it appears that the only private right of action authorized thereunder is that provided by § 290.527, for an employee who has been paid less wages than those to which that employee is entitled. Under Missouri law, "the creation of a private right of action by implication is not favored, and the trend is away from judicial inferences that a statute's violation is personally actionable." *Shqeir v. Equifax, Inc.*, 636 S.W.2d 944, 947 (Mo.1982). Indeed, "when the legislature has established other means of enforcement rather than by a private cause of action, the courts will not recognize a private civil action unless it appears to be a clear implication that the legislature intended to create a private cause of action."

*R.L. Nichols Ins., Inc. v. Home Ins. Co.,* 865 S.W.2d 665, 666–67 (Mo.1993) (en banc). Here, the legislature clearly provided a private cause of action for violation of the minimum wage provisions, but did not explicitly provide a private cause of action as to the record-keeping provision in § 290.520. In fact, the legislature provided for alternative penalties for violation of the record-keeping provision in the enforcement provision of § 290.525. The omission of an express private right of action in § 290.520, coupled with the alternative enforcement provisions for violations thereof in § 290.525, indicates that Missouri law does not support a private right of action for violation of the record-keeping provisions of the minimum wage law. Accordingly, Plaintiffs' claim in Count XIII is unsustainable on its face and the amendment should not have been permitted.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Objections to Magistrate's January 25, 2008 Order Granting Plaintiffs' Motion to File Amended Collective Action Complaint (Clerk's No. 169) are OVERRULED IN PART and SUSTAINED IN PART. Defendant's claim that the magistrate judge erred in regard to its argument of undue delay and prejudice is overruled. Defendant's claim that the magistrate judge applied the wrong standard in considering its claims that the FLSA minimum wage claim is futile is sustained. Defendant's claim that the magistrate judge erred with regard to its futility arguments in regard to Counts V, VI, VII, VIII and XIII is sustained. Plaintiffs' Amended Complaint (Clerk's No. 162), filed January 28, 2008 is hereby STRICKEN. Plaintiffs are granted leave to refile the Amended Complaint by March 28, 2008, but only after excising the FLSA minimum wage claim and Counts V, VI, VII, VIII, and XIII. Defendant shall file a responsive pleading to the recast Amended Complaint within 10 days after service thereof.

IT IS SO ORDERED.