Burgos v B&H Healthcare Servs., Inc. (2025 NY Slip Op 03299)

Burgos v B&H Healthcare Servs., Inc.

2025 NY Slip Op 03299

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2022-03170
 (Index No. 505308/20)

[*1]Jennifer Burgos, etc., appellant, 
v
B & H Healthcare Services, Inc., etc., et al., respondents.

Shalom Law, PLLC, Forest Hills, NY (Jonathan Shalom of counsel), for appellant.
Tarter Krinsky & Drogin, LLP, New York, NY (Laurent S. Drogin and Brittany K. Lazzaro of counsel), for respondents.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for unpaid overtime wages, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 8, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to 29 USC § 216(b) for conditional certification of a collective action and pursuant to CPLR article 9 for class certification.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this putative class action, inter alia, to recover damages for unpaid overtime wages. The plaintiff alleged, among other things, that the defendants failed to properly compensate the plaintiff for hours that she worked overtime in violation of the Fair Labor Standards Act (29 USC § 201, et seq.; hereinafter FLSA) and the New York Labor Law. The plaintiff asserted that she was bringing these allegations on behalf of herself and all employees similarly situated. Thereafter, the plaintiff moved, inter alia, pursuant to 29 USC § 216(b) for conditional certification of a collective action and pursuant to CPLR article 9 for class certification. In an order dated April 8, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
Under the FLSA, employees have the right to bring a private cause of action on their own behalf and on behalf of "other employees similarly situated" for specified violations (29 USC § 216[b]). At the conditional certification stage of an FLSA action, wherein the court makes an initial determination to send a notice to potential opt-in plaintiffs, the plaintiff's burden is minimal (see Hussein v Headless Widow LLC, 2024 WL 5078317, *2, 2024 US Dist LEXIS 224991, *6 [SD NY, No. 24-CV-4658 (LJL)]). "The threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated'" (Realite v Ark Restaurants Corp., 7 F Supp 2d 303, 306, citing 29 USC § 216[b]). "[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law" (id.; see Zhong v August August Corp., 498 F Supp 2d 625, 630).
Here, the plaintiff failed to make a factual showing sufficient to demonstrate that she and any potential plaintiffs suffered similar injuries as a result of the defendants' alleged violations, [*2]as the complaint and the plaintiff's affidavit did not contain sufficient detail to meet the low bar for certification (see Zhong v August August Corp., 498 F Supp 2d at 631).
"The proponent of a motion for class certification bears the burden of establishing the requirements of CPLR article 9" (Moreno v Future Health Care Servs., Inc., 186 AD3d 594, 595; see Jenack v Goshen Operations, LLC, 222 AD3d 36, 44). CPLR 901 sets forth five prerequisites to class certification. "These factors are commonly referred to as the requirements of numerosity, commonality, typicality, adequacy of representation and superiority" (City of New York v Maul, 14 NY3d 499, 508; Moreno v Future Health Care Servs., Inc., 186 AD3d at 595-596). "A class action certification must be founded upon an evidentiary basis" (Yonkers Contr. Co. v Romano Enters. of N.Y., 304 AD2d 657, 658; see Jenack v Goshen Operations, LLC, 222 AD3d at 44). "Whether the facts presented on a motion for class certification satisfy the statutory criteria is within the sound discretion of the trial court" (Jenack v Goshen Operations, LLC, 222 AD3d at 40 [internal quotation marks omitted]).
Here, the plaintiff failed to demonstrate her entitlement to class certification pursuant to CPLR article 9. The general and conclusory allegations in the complaint and the plaintiff's affidavit were insufficient to sustain the plaintiff's burden (see Rallis v City of New York, 3 AD3d 525, 526).
Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were pursuant to 29 USC § 216(b) for conditional certification of a collective action and pursuant to CPLR article 9 for class certification.
The plaintiff's remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court