■ ROSA CHIMENTI, Individually and on Behalf of All Others Similarly Situated, Respondent, v AMERICAN EXPRESS COMPANY, Appellant. — Orders of the Supreme Court, New York County (A. Tyler, J.), entered on October 15, 1981 and September 15, 1981, which, respectively, granted plaintiff's motion for certification of a class consisting of all purchasers of American Express travelers cheques between September 24, 1975 and September 24, 1981, who were denied a full refund for lost or stolen cheques on the first business day that the loss was reported; directed that the class be notified of the pendency of the action in a form to be approved by the court; and denied defendant's cross motion for limited discovery prior to consideration of the class certification motion; and which directed the defendant to furnish plaintiff with the names and addresses of all purchasers of American Express travelers cheques throughout the United States who filed claims for lost or stolen cheques between 1974 and 1981, and further directed defendant to furnish plaintiff with a bill of particulars previously demanded with respect to the affirmative defense of justification stated in defendant's answer, are unanimously reversed, on the law and the facts, the class decertified without prejudice to renewal of the motion, and defendant's cross motion for limited discovery is granted, all without costs or disbursements. According to the complaint, plaintiff Rosa Chimenti purchased $950 worth of American Express travelers cheques in Miami, Florida, on May 21, 1981. The following day, after cashing one $20 cheque in Florida, plaintiff discovered the cheques were missing while on an airplane en route to Washington D.C. Plaintiff reported the loss at the American Express office in Alexandria, Virginia, on May 23 and received a partial refund of $100. Plaintiff was instructed at the Virginia office to obtain the balance of her refund from the office in New York, which is her domicile. Plaintiff alleges that personnel at the New York office of American Express informed her that she could not receive the balance of her refund until the lost cheques were cashed and the signatures compared. Plaintiff finally received the remaining $830 on June 30, five weeks after reporting the loss. The complaint charges that American Express is guilty of misrepresentation in

connection with their advertising campaign and breach of contract for failing to honor the refund policy allegedly contained in the sales agreement. In support of the contractual claim, plaintiff refers to exhibit B — instructions to the complaint — that are issued to American Express with the travelers cheques on how to obtain a refund. Those instructions provide in pertinent part: "All you have to do is call American Express Travelers Cheques from the nearest telephone to arrange for a FULL refund." We express no opinion as to whether the contractual language or the all-too-familiar lost travelers cheques scenarios presented in the advertisements constitute an undertaking to make a full refund on the first business day, but leave the question open for the trier of fact. The primary reason for reversal at this stage is the failure of Special Term to develop an evidentiary basis for class certification. Special Term should have held the "mini-hearing" referred to in the Practice Commentary (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 902:1, p 336), preceded by limited discovery, to determine whether the prerequisites to class certification listed in CPLR 901 are present, and to assess the feasibility considerations listed in CPLR 902 in relation to the particular facts. It was an abuse of discretion to certify the class solely on the basis of the pleadings and the affidavit by plaintiff's counsel which contain conclusory allegations that the requirements are met. (See *Jennings v Domestic Fin. Corp.,* 55 AD2d 832.) Defendant is entitled to limited precertification discovery of the commitment of financial and other resources by the aspiring class representative to the action, in order to insure that the adequacy of representation prerequisite (CPLR 901, subd 4) is met. (See *Stern v Carter,* 82 AD2d 321, 340; *Tanzer v Turbodyne Corp.,* 68 AD2d 614, 620.) Plaintiff is similarly entitled to limited discovery in order to adduce evidence to meet her burden of showing that the statutory prerequisites to certification of a class are met. (*Vallone v Delpark Equities,* 95 Misc 2d 161 [Kassal, J.].) However, the discovery request approved by Special Term, directing defendant to produce the names and addresses of all potential class members throughout the United States, is unduly broad for the limited purpose of allowing plaintiff access to proof of numerosity and the existence of a class. The initial discovery request, as well as any class, if ultimately certified, might also be better limited to residents of New York State. (See CPLR 902, subds 4, 5; cf. *Simon v Cunard Line,* 75 AD2d 283, 290; *P.D.Q., Inc. v Nissan Motor Corp.,* 61 FRD 372.) Concur — Kupferman, J. P., Sullivan, Ross, Milonas and Alexander, JJ.