■ In the Matter of CAROLYN GORDON, Respondent, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, Appellant.—In a declaratory judgment action, the defendant appeals from an order of the Supreme Court, Nassau County (Morrison, J.), dated September 11, 1985, which denied his motion for a protective order

vacating the plaintiff's second supplemental set of interrogatories.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant's motion for a protective order vacating the second supplemental set of interrogatories is granted.

The essence of the plaintiff's grievance concerns the denial of temporary interim relief to herself and persons similarly situated, i.e., those who were allegedly in need of immediate medical care at the time of the denial. Having found the allegations of the complaint conclusory, Special Term (Brucia, J.) ordered a minihearing (see, McLaughlin, 1976 Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C902:1, p 336) preceded by "[l]imited discovery", to determine whether the prerequisites to class certification listed in CPLR 901 were present and to assess the feasibility considerations set forth in CPLR 902 in relation to the particular facts.

In response to previously served interrogatories, the defendant revealed that the Nassau County Department of Social Services had issued 3,218 temporary medical assistance authorizations for the period from January 1983 to February 1984, and that there were no existing statistics relating to requests or demands for temporary medical assistance authorizations. Specifically, the agency had no information identifying cases where applicants were denied temporary medical assistance authorizations.

By use of a second supplemental set of interrogatories, the plaintiff now seeks to obtain additional information concerning the issuance of such authorizations. Inasmuch as data establishing the existence of the class consisting of those individuals who were refused temporary medical assistance authorizations where immediate medical necessity was alleged cannot be gleaned from information regarding the actual issuance of such authorizations and the reasons therefor, the information sought is irrelevant to the matter at hand (see, Commissioners of State Ins. Fund v News World Communications, 74 AD2d 765, 767). Moreover, the volume of interrogatories served to date is unduly onerous, having run afoul of the term "[l]imited discovery" authorized in the November 9, 1983, order of Justice Brucia (cf. Chimenti v American Express Co., 97 AD2d 351, mot to dismiss appeal granted 61 NY2d 669). Accordingly, Special Term erred in denying the defendant's motion to vacate the second supplemental set of interrogatories. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.