■ In the Matter of JOSEPH E. TORRE, Respondent, v COUNTY OF NASSAU et al., Appellants. [618 NYS2d 54] —In a proceeding pursuant to CPLR article 78, inter alia, to prohibit the respondents from terminating the petitioner's employment with the Nassau County Probation Department pending a full hearing and determination, the appeal is from (1) a judgment of the Supreme Court, Suffolk County (Cohalan, J.), dated December 14, 1992, which adjudged the petitioner's discharge null and void and reinstated him to the position of Probation Attorney II with back pay and benefits, and (2) an order of the same court, dated October 13, 1993, which denied the appellants' motion, denominated a motion to renew.

Ordered that the judgment is reversed, on the law, the determination is confirmed, and the petition is dismissed on the merits; and it is further,

Ordered that the appeal from the order is dismissed as academic; and it is further,

Ordered that the appellants are awarded one bill of costs.

On February 5, 1992, the petitioner received a written notice advising him that his permanent civil service employment in the Nassau County Probation Department as a Probation Attorney II would terminate on February 10, 1992, due to "budgetary cuts". Thereafter, the petitioner commenced the instant proceeding, contending that the Nassau County Board of Supervisors, the legislative body that created the petitioner's position, was required to abolish his position prior to his discharge, and that its failure to do so precluded his discharge. We disagree.

The Nassau County Board of Supervisors enacted budget ordinance 519A-1991, which included a 1992 salary reduction line, reducing Probation Department-Family Division payroll appropriations by $1,229,060. By legislatively mandating the budget reductions, the Board of Supervisors in effect authorized the abolition of the petitioner's position, by directing the department head to reduce the budget, and by investing the department head with the authority to effectuate layoffs to reduce the department staffing by a designated amount. It was thus unnecessary for the Board of Supervisors to engage in managerial decisions to identify the specific jobs that were to be included in the layoff (cf., Matter of Gallagher v Regan, 42 NY2d 230). Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.