■ WILLIAM A. CANAVAN, Respondent, v CHASE MANHATTAN BANK, N. A., Appellant. [651 NYS2d 916] —In an action, *inter alia,* for a judgment declaring that the defendant's method of calculating interest is contrary to the terms of the plaintiff's mortgage loan agreement, the defendant appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered July 12, 1995, which granted the plaintiff's motion for class action certification pursuant to CPLR article 9. The appeal brings up for review so much of an order of the same

court, entered October 25, 1995, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order entered July 12, 1995, is dismissed, as that order was superseded by the order entered October 25, 1995, made upon reargument; and it is further,

Ordered that the order entered October 25, 1995, is reversed insofar as reviewed, on the law, the order entered July 12, 1995, is vacated, and the plaintiff's motion for class action certification pursuant to CPLR article 9 is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

In order to determine whether an action may proceed as a class action, the court shall consider whether the class is so numerous that joinder of all members is impracticable; whether common questions of law and fact predominate; whether the plaintiff's claim is typical of the class; whether the plaintiff will fairly and adequately protect the interests of the class; and whether a class action is the superior method for the fair and efficient adjudication of the controversy (*see*, CPLR 901 [a]). The plaintiff bears the burden of establishing that the class exists and that the prerequisites are met (*see, Brady v State of New York*, 172 AD2d 17, 24-25; *Askey v Occidental Chem. Corp.*, 102 AD2d 130, 137; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 901.08). Here, the plaintiff's general, conclusory allegations failed to satisfy this burden (*see, Askey v Occidental Chem. Corp., supra; Dupack v Nationwide Leisure Corp.*, 70 AD2d 568; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 901.08). Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.