■ IRA WEITZENBERG et al., Appellants-Respondents, v NASSAU COUNTY DEPARTMENT OF RECREATION AND PARKS et al., Respondents-Appellants. [672 NYS2d 110] —In an action, *inter alia*, for reinstatement and back pay, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered October 1, 1996, as denied that branch of their motion which was for class action status and failed to decide that branch of their motion which was for reinstatement, and the defendants cross-appeal, as limited by their brief, from so much of the order as granted the plaintiffs' motion for leave to amend the complaint.

Ordered that the purported appeal from so much of the order as failed to decide that branch of the plaintiffs' motion which was for reinstatement is dismissed, without costs and disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed on the appeal, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

In response to a budget crisis in 1992, Nassau County cut costs by laying off or demoting more than 2,000 County employees. The plaintiffs commenced this action, *inter alia*, for reinstatement and back pay. This action, among other cases which arose out of the layoffs, was held in abeyance pending the outcome of *Matter of Torre v County of Nassau* (208 AD2d 850, *revd* 86 NY2d 421). In *Matter of Torre,* the Court of Appeals held that the plaintiff, a Probation Department attorney, was improperly laid off in 1992. The Court based its decision on the doctrine of legislative equivalency, which requires that a position created by a legislative act can only be abolished by a correlative legislative act (*see, Matter of Torre v County of Nassau, supra*).

Shortly after *Torre* was decided, the plaintiffs in this action moved for leave to amend their complaint by adding a cause of action based on the doctrine of legislative equivalency. Contrary to the defendants' contention, the Supreme Court properly determined that the amendment was not time-barred

because the original complaint gave sufficient notice of the underlying facts out of which the additional cause of action claim arose (*see,* CPLR 203 [f]; *Panto v J & M Salvage Co.,* 157 AD2d 582). Moreover, the defendants failed to demonstrate any prejudice or surprise (*see, De Forte v Allstate Ins. Co.,* 66 AD2d 1028).

The Supreme Court also properly denied that branch of the motion which was for class action status. The plaintiffs' conclusory allegations were insufficient to establish that the statutory prerequisites for class certification had been met (*see,* CPLR 901 [a]; *Chimenti v American Express Co.,* 97 AD2d 351, 352; *Dupack v Nationwide Leisure Corp.,* 70 AD2d 568, 569). There were numerous differences among the members of the proposed class and no evidentiary support for the proposition that their positions were improperly abolished by the same method described in *Matter of Torre v County of Nassau (supra)*.

Lastly, the appeal by the plaintiffs from so much of the order as failed to decide that branch of their motion which was for reinstatement is dismissed. Inasmuch as the court did not grant or deny that branch of the motion, it is pending and undecided (*see, Katz v Katz,* 68 AD2d 536). Bracken, J. P., Thompson, Pizzuto and Florio, JJ., concur.