■ YONKERS CONTRACTING COMPANY, INC., Respondent, v ROMANO ENTERPRISES OF NEW YORK, INC., et al., Appellants, et al., Defendants. (And Another Title.) [757 NYS2d 339] —In an action to recover damages for breach of contract and pursuant to Lien Law article 3-A, the defendants Romano Enterprises of New York, Inc., Albert Romano, and the Estate of Ralph J. Romano appeal from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated March 21, 2002, as granted those branches of the plaintiff's motion which were to certify the action as a class action pursuant to CPLR article 9 and Lien Law § 77 (1) and to determine the method of notice.

Ordered that the order is reversed insofar as appealed from, with costs, and those branches of the plaintiff's motion which were to certify the action as a class action pursuant to CPLR article 9 and Lien Law § 77 (1) and to determine the method of notice are denied.

The plaintiff, Yonkers Contracting Company, Inc. (hereinafter Yonkers), was a prime contractor under a public improvement contract with the New York City Department of Transportation. On or about December 1, 1999, it entered into a subcontract with the defendant Romano Enterprises, Inc. (hereinafter Romano Enterprises). Romano Enterprises agreed to supervise the painting work and provide labor, materials, and equipment. Thereafter, in February 2001, Romano Enterprises terminated the subcontract.

Yonkers commenced an action against Romano Enterprises, Albert Romano, and the Estate of Ralph J. Romano (hereinafter collectively Romano Enterprises), and Ralph P. Romano. Yonkers alleged that Romano Enterprises breached the subcontract and diverted trust funds in violation of Lien Law article 3-A. Romano Enterprises interposed an answer with counterclaims alleging breach of contract and the foreclosure of a mechanics' lien. Romano Enterprises alleged that Yonkers failed to pay invoices which it submitted on behalf of itself and its subsubcontractors and materialmen. In its reply to the counterclaims, Yonkers alleged that Romano Enterprises exaggerated the amount of the mechanic's lien. Yonkers subsequently moved, among other things, to certify the action as a class action pursuant to CPLR article 9 and Lien Law § 77 (1). Romano Enterprises opposed class certification on the ground that Yonkers had a conflict of interest with the trust beneficiaries. The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to certify the action as a class action pursuant to CPLR article 9 and Lien Law § 77 (1) and to determine the method of notice. We reverse.

A party seeking class action certification in the context of an action pursuant to Lien Law article 3-A must establish that: (1) there are questions of law or fact common to the class which predominate over any questions affecting only individual members, (2) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (3) the representative parties will fairly and adequately protect the interests of the class (see CPLR 901 [a] [2], [3], [4]; Lien Law § 77 [1]; *Matter of Colt Indus. Shareholder Litig.,* 77 NY2d 185, 194 [1991]; *Atlas Bldg. Sys. v Rende,* 236 AD2d 494, 496 [1997]).

Yonkers failed to satisfy this burden and therefore class certification was improvidently granted. A class action certification must be founded upon an evidentiary basis. The conclusory allegations of Yonkers' counsel were insufficient to establish that all of the requirements for class certification

were met (see *Weitzenberg v Nassau County Dept. of Recreation & Parks,* 249 AD2d 538, 539 [1998]; *Canavan v Chase Manhattan Bank,* 234 AD2d 493, 494 [1996]; *Chimenti v American Express Co.,* 97 AD2d 351, 352 [1983]). In particular, Yonkers failed to establish its ability to diligently protect the interests of the trust beneficiaries in light of its claims against Romano Enterprises (see *City of Rochester v Chiarella,* 65 NY2d 92, 100-101 [1985]; *Ackerman v Price Waterhouse,* 252 AD2d 179, 202 [1998]). Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.