■ SOPHIA RALLIS et al., Respondents, v CITY OF NEW YORK, Appellant. [770 NYS2d 736]—

In an action, inter alia, to recover for damage to property, the defendant appeals from an order of the Supreme Court, Queens County (Flug, J.), dated March 11, 2003, which granted the plaintiffs' motion for class action certification pursuant to CPLR article 9.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiffs, who are purportedly residents of and/or homeowners in a certain area of Flushing, Queens, commenced the instant action against the defendant City of New York to recover for damage to property "as well as other damages including diminution of property value and deprivation of use of portions of their residences" allegedly sustained when rainstorms occurring on September 3, 2000, and August 13, 2001, resulted in flooding to the area. According to the plaintiffs, the damage was caused by the City's negligence in failing to properly design, install, maintain, and operate its sewer and water drainage systems. The plaintiffs moved for class action certification pursuant to CPLR article 9. The Supreme Court granted the plaintiffs' motion. We reverse.

The plaintiffs had the burden of establishing compliance with the statutory requirements for class action certification under CPLR 901 and 902 (see Ackerman v Price Waterhouse, 252 AD2d 179, 191 [1998]; Canavan v Chase Manhattan Bank, 234 AD2d 493, 494 [1996]; Hoerger v Board of Educ., 98 AD2d 274, 281-282 [1983]). General or conclusory allegations in the pleadings or affidavits are insufficient to sustain this burden (see Yonkers Contr. Co. v Romano Enters. of N.Y., 304 AD2d 657, 658-659 [2003]; Weitzenberg v Nassau County Dept. of Recreation & Parks, 249 AD2d 538, 539 [1998]; Canavan v Chase Manhattan Bank, supra). "A class action certification must be founded upon an evidentiary basis" (Yonkers Contr. Co. v Romano Enters. of N.Y., supra at 658).

The general and conclusory allegations in the affirmation of the plaintiffs' counsel and the exhibits attached thereto were insufficient to sustain the plaintiffs' burden (see Yonkers Contr. Co. v Romano Enters. of N.Y., supra; Weitzenberg v Nassau County Dept. of Recreation & Parks, supra). Thus, the plaintiffs' motion for class action certification should have been denied. Florio, J.P., Smith, Luciano and Rivera, JJ., concur.