Moreno v Future Health Care Servs., Inc. (2020 NY Slip Op 04473)





Moreno v Future Health Care Servs., Inc.


2020 NY Slip Op 04473


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-06013
2015-11787
 (Index No. 500569/13)

[*1]Adriana Moreno, individually and on behalf of all others similarly situated, et al., appellants,
v
Future Health Care Services, Inc., et al., respondents.


Getman & Sweeney, PLLC, Kingston, NY (Michael J. D. Sweeney and Artemio Guerra of counsel), Abbey Spanier, LLP, New York, NY (Judith L. Spanier of counsel), and National Employment Law Project, New York, NY (Catherine Ruckelshaus of counsel), for appellants (one brief filed).
Peckar & Abramson, P.C., New York, NY (Aaron C. Schlesinger, Kevin J. O'Connor, and Shannon D. Azzaro of counsel), for respondents.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Labor Law article 19, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (David I. Schmidt, J.), dated April 24, 2015, and (2) an order of the same court (Lawrence Knipel, J.), dated October 27, 2015. The order dated April 24, 2015, denied the plaintiffs' motion for class certification pursuant to CPLR article 9. The order dated October 27, 2015, insofar as appealed from, upon reargument, adhered to the determination in the order dated April 24, 2015. By decision and order dated September 13, 2017, this Court dismissed the appeal from the order dated April 24, 2015, as that order was superseded by the order dated October 27, 2015, and reversed the order dated October 27, 2015, insofar as appealed from, and, upon reargument, vacated the order dated April 24, 2015, and granted the plaintiffs' motion for class certification pursuant to CPLR article 9 (Moreno v Future Care Health Servs. Inc., 153 AD3d 1254). On March 26, 2019, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court to evaluate the issues in accordance with the interpretation by the New York State Department of Labor of Minimum Wage Order Number 11 for Miscellaneous Industries and Occupations (12 NYCRR part 142) and to consider alternative bases for class certification (Andryeyeva v New York Health Care., Inc., 33 NY3d 152). Justice Maltese has been substituted for former Justice Hall (see 12 NYCRR 1250.1[b]).
ORDERED that, upon remittitur from the Court of Appeals, the appeal from the order dated April 24, 2015, is dismissed, as that order was superseded by the order dated October 27, 2015, made upon reargument; and it is further,
ORDERED that the order dated October 27, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiffs, former home health care aides employed by the defendant Future Care Health Services, Inc. (hereinafter Future Care), commenced this action on behalf of themselves and other similarly situated current and former home health care aides employed by Future Care, alleging violations of the Labor Law. The plaintiffs alleged, among other things, that Future Care's practice of paying them a flat rate of between $115 and $125 for 24-hour shifts resulted in a wage that was below the minimum wage required by law. The plaintiffs asserted that, instead of paying those flat rates, Future Care was required to pay them and putative class members the equivalent of minimum wage for each hour of a 24-hour shift.
The plaintiffs moved for class certification pursuant to CPLR article 9. In an order dated October 27, 2015, the Supreme Court, upon reargument, adhered to a prior determination denying the plaintiffs' motion. The court relied upon an opinion letter issued by the New York State Department of Labor (hereinafter DOL) on March 11, 2010, to conclude that Future Care was not required to pay the plaintiffs and putative class members the minimum wage for each hour of a 24-hour shift. In particular, the DOL, in the opinion letter, interpreted Minimum Wage Order Number 11 for Miscellaneous Industries and Occupations (12 NYCRR part 142; hereinafter the Wage Order), which required that an employee be paid minimum wage for the time an employee "is required to be available for work at a place prescribed by the employer," to permit the exclusion of up to 11 hours for sleep and meal breaks (12 NYCRR 142-2.1[b]).
On appeal, this Court reversed the October 27, 2015, order insofar as appealed from, concluding that the DOL's interpretation of the Wage Order as permitting the exclusion of sleep and meal breaks was inconsistent with the plain text of the Wage Order (see Moreno v Future Care Health Servs., Inc., 153 AD3d 1254, 1255). On March 26, 2019, the Court of Appeals reversed this Court's decision and order, concluding that the DOL's interpretation of the Wage Order did not conflict with the promulgated language and was not irrational or unreasonable (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 164). The Court of Appeals remitted the matter to this Court to determine whether the plaintiffs' class certification motion was properly denied, considering the DOL's interpretation of the Wage Order as well as alternative bases for class certification asserted by the plaintiffs.
The proponent of a motion for class certification bears the burden of establishing the requirements of CPLR article 9 (see Cooper v Sleepy's, LLC, 120 AD3d 742, 743). CPLR 901 sets forth five prerequisites to class certification. "These factors are commonly referred to as the requirements of numerosity, commonality, typicality, adequacy of representation and superiority" (City of New York v Maul, 14 NY3d 499, 508). "A class action certification must be founded upon an evidentiary basis" (Yonkers Contr. Co. v Romano Enters. of N.Y., 304 AD2d 657, 658).
Here, in light of the DOL's interpretation of the Wage Order, the plaintiffs have failed to demonstrate entitlement to class certification on the question of whether the defendants violated the law by failing to pay them for all hours of a 24-hour shift. Although a worker must be paid minimum wage for the time he or she is "required to be available for work at a place prescribed by the employer," under the DOL interpretation of the Wage Order, a worker is not considered to be "available for work at a place prescribed by the employer" during designated meal and sleep breaks, totaling 11 hours of a 24-hour shift (see Andryeyeva v New York Health Care, Inc., 33 NY3d at 165-167). Thus, under the Wage Order, as interpreted by the DOL, the defendants were only required to pay the plaintiffs for 13 hours of a 24-hour shift, unless the plaintiffs did not receive the prescribed breaks (i.e., if they were not afforded eight hours for sleep—including five hours of uninterrupted sleep actually received—and three hours of meal breaks) (see id.). The plaintiffs in this action did not allege in either their complaint or their class certification motion that they did not receive the prescribed sleep and meal breaks. Moreover, they did not submit any evidence that the defendants had a policy or practice of failing to afford them the prescribed breaks. For their part, the defendants submitted a written policy form allegedly distributed to employees, advising employees of the prescribed breaks they were to receive, in accordance with the Wage Order, and instructing employees to notify them if the employees did not receive the required breaks. Absent allegations [*2]that the plaintiffs and putative class members did not receive prescribed breaks, there is no basis for certifying a class on the question of whether the defendants were required to pay the plaintiffs and putative class members for all hours of their 24-hours shifts.
The plaintiffs next contend that common class questions exist as to whether the defendants had a policy of failing to pay the required wages, including overtime, even for 13 hours of a 24-hour shift. In Andryeyeva, the Court of Appeals recognized that "[c]laims of uniform systemwide violations are particularly appropriate for class certification" (Andryeyeva v New York Health Care, Inc., 33 NY2d at 184). Here, however, the plaintiffs failed to provide an evidentiary basis for concluding that such systemwide violations occurred. While payroll records submitted by the plaintiffs (and also by the defendants in opposition) provide evidence of a small number of potential wage violations, that small number of potential violations did not demonstrate a policy or practice of unlawful action on the part of the defendants, as would warrant class treatment (cf. City of New York v Maul, 14 NY3d at 513-514). The same is true of the plaintiffs' allegations, supported by a few examples in the payroll records, that the defendants failed to pay wages on time.
The plaintiffs also failed to demonstrate their entitlement to class certification based upon their allegations that the defendants did not compensate them for mandatory training and work expenses and failed to comply with notice and record-keeping requirements. While the plaintiffs stated in their affidavit that these violations occurred and that their co-workers were treated in the same manner, such general and unsubstantiated assertions were insufficient to provide an evidentiary basis for granting class certification (see Rallis v City of New York, 3 AD3d 525, 526; Weitzenberg v Nassau County Dept. of Recreation & Parks, 249 AD2d 538, 539).
The plaintiffs' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination, upon reargument, adhering to its original determination to deny the plaintiffs' motion for class certification.
BALKIN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court