Attallah v New York Coll. of Osteopathic Medicine (2020 NY Slip Op 07848)





Attallah v New York Coll. of Osteopathic Medicine


2020 NY Slip Op 07848


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-10341
 (Index No. 603317/15)

[*1]Ahdy L. Attallah, appellant, 
v
New York College of Osteopathic Medicine, et al., respondents.


Ahdy L. Attallah, Roslyn Heights, NY, appellant pro se.
Clifton Budd & DeMaria, LLP, New York, NY (Douglas P. Catalano of counsel), for respondents New York College of Osteopathic Medicine, New York Institute of Technology, Edward Guiliano, Barbara Ross-Lee, Thomas Scandalis, Mary Ann Achtziger, Kurt F. Amsler, and Claire E. Bryant.
Littler Mendelson P.C., Melville, NY (William H. Ng, Amy L. Ventry-Kagan, and Cassandra Branch of counsel), for respondents Nassau University Medical Center, Nassau Health Care Corporation, Alan Multz, and Prachi Anand.
Greenberg Traurig, New York, NY (Daniel R. Milstein of counsel), for respondent Martin Diamond.
Gary Schoer, Syosset, NY, for respondents Tamara I. Shashiashvili and Gulnara G. Chikvaidze, as executor of the estate of Iveri Shashiashvili.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, defamation, and discrimination on the basis of national origin and gender in violation of the New York State Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered September 29, 2016. The order, insofar as appealed from, (1) granted the separate motions of the defendant Martin Diamond, the defendants New York College of Osteopathic Medicine, New York Institute of Technology, Edward Guiliano, Barbara Ross-Lee, Thomas Scandalis, Mary Ann Achtziger, Kurt F. Amsler, and Claire Bryant, the defendants Nassau University Medical Center, Nassau Health Care Corporation, Allan Multz, and Prachi Anand, and the defendants Tamara I. Shashiashvili and Gulnara G. Chikvaidze, as executor of the estate of Iveri Shashiashvili, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them, and (2) denied those branches of the plaintiff's cross motion which were to strike certain submissions on the motions or, in the alternative, for leave to submit surreply papers on the motions.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The pro se plaintiff commenced this action to recover damages pursuant to various theories of liability, alleging, inter alia, that he was wrongfully expelled from the defendant New York College of Osteopathic Medicine (hereinafter NYCOM) based on false information [*2]disseminated by the various defendants. The Supreme Court granted the defendants' separate motions pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them and denied those branches of the plaintiff's cross motion which were to strike certain material submitted on the motions or, in the alternative, for leave to submit surreply papers on the motions. The plaintiff appeals.
We agree with the Supreme Court's determination to direct dismissal of the tort causes of action asserted against the defendants Nassau University Medical Center (hereinafter NUMC), Nassau Health Care Corporation (hereinafter NHCC), NUMC's employees, and Martin Diamond, since no notice of claim was served upon NHCC (see General Municipal Law §§ 50-e[1][a]; 50-i[1]; Public Authorities Law § 3415[1]). The remaining claims against those defendants, sounding largely in discrimination, failed to state a cause of action as they are premised on laws that do not provide for individual liability, or failed to set forth adequate factual allegations in support of the claims (see CPLR 3211[a][7]).
Similarly, dismissal was properly directed with respect to the causes of action alleging prima facie tort, defamation, and abuse of process against the defendants Tamara I. Shashiashvili and Gulnara G. Chickvaidze, as executor of the estate of Iveri Shashiashvili, as those causes of action were time-barred (see CPLR 215[3]). The remaining causes of action asserted against those defendants, sounding in discrimination, tortious interference with contractual relations and prospective economic advantage, fraud, and unjust enrichment, were not supported by allegations establishing the requisite elements of those causes of action (see CPLR 3211[a][7]).
We also agree with the Supreme Court's determination directing dismissal of the discrimination, breach of contract, and fraud causes of action asserted against the defendants NYCOM, New York Institute of Technology, and their employees because those causes of action in actuality challenged the administrative determination expelling the plaintiff from NYCOM, and therefore, should have been asserted in a proceeding pursuant to CPLR article 78 within four months after the challenged determination became final and binding (see CPLR 7806; Dawson v New York Univ., 160 AD3d 555; Alrqiq v New York Univ., 127 AD3d 674; Miyahara v Majsak, 117 AD3d 812; Padiyar v Albert Einstein Coll. of Medicine of Yeshiva Univ., 73 AD3d 634). Since the plaintiff challenged the determination long after the expiration of the four-month statute of limitations applicable to CPLR article 78 proceedings, these causes of action were time-barred (see Clogher v New York Med. Coll., 112 AD3d 574,576). In any event, the allegations in the amended complaint were insufficient to support the claims (see CPLR 3211[a][7]).
Dismissal of the tenth cause of action, seeking to recover damages for "gross negligence in breach of contract," was properly directed, since causes of action "based on negligent or grossly negligent performance of a contract are not cognizable" (Pacnet Network Ltd. v KDDI Corp., 78 AD3d 478,479; see MLB Constr. Servs., LLC v Lake Ave. Plaza, LLC, 156 AD3d 983, 985; Megaris Furs v Gimbel Bros., 172 AD2d 209, 211).
Dismissal of the twentieth cause of action, sounding in defamation against NYCOM employee Mary Ann Achtziger, as time-barred was properly directed (see CPLR 215[3]; Tyk v Brooklyn Community Bd. 12, 166 AD3d 708, 710).
The Supreme Court providently exercised its discretion in denying those branches of the plaintiff's cross motion which were to strike certain material submitted on the motions or, in the alternative, for leave to submit surreply papers. The court did not consider the challenged material in reaching its determination, and the plaintiff did not demonstrate good cause for the submission of surreply papers (see CPLR 2214; see generally Zhuoya Luo v Wensheng Wang, 176 AD3d 1016, 1018).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court