Guzman v Americare, Inc. (2022 NY Slip Op 00940)





Guzman v Americare, Inc.


2022 NY Slip Op 00940


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 24877/18E Appeal No. 15284-15284A-15284B Case No. 2021-01483, 2021-03366, 2021-03551 

[*1]Laury Vasquez Guzman etc., Plaintiff-Respondent,
v
Americare, Inc., et al., Defendants-Appellants, John Does #1-10, et al., Defendants. 


Peckar & Abramson, P.C., New York (Kevin J. O'Connor of counsel), for appellants.
Law Office of William Coudert Rand, New York (William C. Rand of counsel), for respondent.



Appeal from decision, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about April 19, 2021, which to the extent appealed from as limited by the briefs, granted plaintiff's motion for leave to renew and reargue her motion for class certification and upon renewal and reargument, granted class certification and directed the parties to settle an order, unanimously dismissed, without costs, as taken from a nonappealable paper. Order, same court and Justice, entered on or about September 8, 2021, which, to the extent appealed from as limited by the briefs and appealable, denied defendants' motion for leave to renew their opposition to plaintiff's motion to renew and reargue, unanimously affirmed, without costs. Order, same court and Justice, entered on or about September 29, 2021, which to the extent appealed from as limited by the briefs, certified a class, unanimously affirmed, without costs.
No appeal lies from a decision, or from an appealed paper directing the settlement of an order (see CPLR 5512[a]).
Supreme Court providently exercised its discretion in granting plaintiff leave to reargue her motion for class certification and in granting certification upon reargument (CPLR 2221[d][2]; see Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 421-422 [1st Dept 2010]). Plaintiff, a home health aide, submitted her paystubs and an affidavit in which she averred that defendants-employers failed to pay her and other aides for each hour of 24-hour shifts despite the fact that the aides had not received sleep and meal breaks. This evidence sufficiently established that there are questions of law or fact common to the class that predominate over any questions affecting only individual members (CPLR 901[a][2]; see Kurovskaya v Project O.H.R. (Office for Homecare Referral), Inc., 194 AD3d 612, 613 [1st Dept 2021], lv dismissed 37 NY3d 1104 [2021]; Lavrenyuk v Life Care Services, Inc., 198 AD3d 569, 570 [1st Dept 2021]; cf. Moreno v Future Heath Care Services, Inc., 186 AD3d 594, 596 [2d Dept 2020]). We decline to consider defendants' other arguments directed to CPLR 901(a) and 902, as those arguments are improperly advanced for the first time on appeal and do not present purely legal issues (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]).
Defendants articulate no persuasive basis to disturb Supreme Court's order
denying their motion for leave to renew their opposition to plaintiff's motion to renew and reargue.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2022