## Hudson v Allstate Veh. & Prop. Ins.

2025 NY Slip Op 30742(U)

March 4, 2025

Supreme Court, New York County

Docket Number: Index No. 650468/2024

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 49M

------------------------------------------------------------------------------X

STEPHEN HUDSON

                                  Plaintiff,

                       - v -

ALLSTATE VEHICLE & PROPERTY INSURANCE
COMPANY,

                              Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650468/2024 |
| **MOTION DATE** | 07/29/2024 |
| **MOTION SEQ. NO.** | MS 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 24, 25, 26, 27, 28, 29, 30, 31, 35, 36, 37, 38, 39, 40, 41, 42, 44, 46

were read on this motion to/for         ORDER MAINTAIN CLASS ACTION      .

Plaintiff Stephen Hudson brings this action for himself and all parties similarly situated against defendant Allstate Vehicle & Property Insurance Company (Allstate) for breach of contract (NYSCEF # 3). Plaintiff alleges that Allstate breached its obligations under a form home insurance policy by denying claims related to second-hand smoke infiltration. Before the court is plaintiff's motion for class certification for anyone affected by Allstate's policy. For the reasons below, plaintiff's motion is denied without prejudice as premature, and the parties are ordered to conduct limited discovery on the class certification requirements.

## Background

Plaintiff owns a three-bedroom coop apartment in New York, New York, which he occupies with his three children (NYSCEF # 3, Complaint, ¶ 8). Defendant Allstate is an insurance carrier that issues, among other things, home and apartment insurance policies (*id.* ¶ 5). As relevant here, plaintiff and Allstate entered an insurance policy titled "Condominium or Coop Owners Policy AVP 387" that covered the period from June 10, 2023 through June 10, 2024 (*id.* ¶ 9-11). The policy covers "sudden and accidental direct physical loss to [] property . . . caused by . . . smoke." (NYSCEF # 11, Allstate Condominium Owner's Policy, at 7 [attached as exhibit to Complaint]). Plaintiff points to other parts of the policy in the Complaint that say similar things (NYSCEF # 3 ¶¶ 27-29).

In both June 2023 and January 2024, plaintiff alleges that there were two discrete and sudden instances of smoke wafting up from the apartment below that caused plaintiff's apartment to temporarily be declared uninhabitable and required

650468/2024   HUDSON, STEPHEN vs. ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY
Motion No.  001

Page 1 of 4

[* 1]

significant professional cleaning (NYSCEF # 3 ¶¶ 12, 15-17, 21-22). Plaintiff alleges that Allstate denied his claims for both incidents (*id.* ¶¶ 18-20).

Less than four months after the second incident, on May 8, 2024, plaintiff filed the Complaint (NYSCEF # 3). Barely two months later, plaintiff brought the present motion for class certification (NYSCEF # 23, Notice of Motion). Plaintiff requests that the class consist of:

> "Cooperative or condominium apartment residents in New York State who experienced second-hand smoke intrusion from a neighboring apartment over the past six years, while insured by Allstate Vehicle and Property Insurance Company (Allstate) or its subsidiaries under a homeowners' or renters' policy.
>
> This class does not include any persons who are currently employed by Allstate or its agents or their immediate family members."

(NYSCEF # 27, Pltf's Br, at 5-6). Defendant opposes the motion on the grounds that plaintiff failed to produce any evidence supporting class certification.

The motion finished briefing on August 5, 2024. Almost two months later, on September 22, 2024, plaintiff requested a preliminary conference to set out a discovery schedule because "[d]efendant [] declined to provide most discovery requested by plaintiff until the [class certification] motion is decided" (NYSCEF # 43, Preliminary Conference Request). The conference was originally scheduled for November 13, 2024, but was adjourned via email on November 12 due to the parties' inability to agree on the necessity of discovery (NYSCEF # 45, So-Ordered Letter). Plaintiff asked to stay discovery pending the outcome of this motion to which defendant did not object; plaintiff's request was granted (*id.*).

## Discussion

Pursuant to CPLR 901(a), a court may certify a proposed class only if: (1) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable (Numerosity); (2) there are questions or law or fact common to the class which predominate over any questions affecting only individual members (Predominance/Commonality); (3) the claims or defense of the representative parties are typical of the claims or defenses of the class (Typicality); (4) the representative parties will fairly and adequately protect the interests of the class (Adequacy of Representation); and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy (Superiority) (CPLR 901 [a]). Once these requirements are met, the court must then assess the feasibility considerations listed in CPLR 902 (*Chimenti v Am. Express Co.*, 97 AD2d 351, 352 [1st Dept 1983]).

**650468/2024 HUDSON, STEPHEN vs. ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY**
**Motion No. 001**

**Page 2 of 4**

The proponent of class certification bears the burden of tendering admissible evidence to establish the above criteria (*see Pludeman v. Northern Leasing Sys., Inc.*, 74 AD3d 420, 422 [1st Dept 2010]). Courts may allow limited pre-certification discovery to develop the record on these elements (*see Katz v NVF Co.*, 100 AD2d 470, 474 [1st Dept 1984] ['The parties should conduct relevant discovery as to the nature and size of the class"]; *Chimenti*, 97 AD2d at 352 ["Special Term should have held the 'mini-hearing' referred to in the Practice Commentary, preceded by limited discovery, to determine whether the prerequisites to class certification listed in CPLR 901 are present"]; *Simon v Cunard Line Ltd.*, 75 AD2d 283, 289 [1st Dept 1980] ["In view of the insufficiency of the record to determine the nature and size of the purported class, class action should not be granted until there has been discovery as to the nature and size of the class"]; *see also Stewart v Roberts*, 163 AD3d 89, 93 [3d Dept 2018] ["Supreme Court erred in denying her motion for class certification without affording her the opportunity for discovery on" CPLR 901(a) requirements]).

Plaintiff's motion is denied as premature, as plaintiff provides no real evidence to support any of CPLR 901(a)'s requirements (*see Katz*, 100 AD2d at 474). Plaintiff's only "evidence" in support of the motion is (1) a screenshot of US census data and estimate of the number of condo and coop housing units in New York State (NYSCEF # 29), and (2) a screenshot of a pamphlet from the American Lung Association title "Is Secondhand Smoke Infiltrating Your Apartment or Condominium" (NYSCEF # 28). These documents and the general statistics therein are insufficient to establish any element of class certification.

However, given the allegations that plaintiff's claims were denied under a form insurance policy that potentially affects many other Allstate customers, the court will allow limited pre-motion discovery into the CPLR 901(a) requirements.[1] The discovery schedule will be set a preliminary conference.

In view of the above, it is hereby

ORDERED that plaintiff Stephen Hudson's motion for class certification is denied without prejudice as premature; and it is further

ORDERED that the parties shall conduct limited pre-certification discovery into whether this case meets the requirements of CPLR 901(a) and CPLR 902; and it is further

---

[1] While dismissal would ordinarily be appropriate on the "Adequacy of Representation" prong given that plaintiff is represented by his father, plaintiff assuaged that concern at a hearing on March 4, 2025 by representing that another law firm, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, are interested in taking the case. Mr. Emery appeared at the hearing and affirmed his firm's interest. Based on that lawyer's attendance, the Adequacy of Representation prong is not alone dispositive here.

650468/2024   HUDSON, STEPHEN vs. ALLSTATE VEHICLE & PROPERTY INSURANCE                    Page 3 of 4
COMPANY
Motion No. 001

ORDERED that the parties shall appear for a preliminary conference setting a discovery schedule on March 19, 2025 at 11:30 AM via Microsoft Teams, with link to be sent by the court; and it is further

ORDERED that the earlier-issued stay of discovery is lifted; and it is further

ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nvcourts.gov/supctmanh).

_____3/4/2025_____
DATE

MARGARET A. CHAN, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | [X] | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | [X] DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**650468/2024   HUDSON, STEPHEN vs. ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]