Stepanov v Five Borough Home Care, Inc. (2026 NY Slip Op 01241)

Stepanov v Five Borough Home Care, Inc.

2026 NY Slip Op 01241

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-04265 
2024-10400
 (Index No. 503905/18)

[*1]Zulfiya Stepanov, etc., respondent, 
vFive Borough Home Care, Inc., appellant.

Hodgson Russ LLP, Buffalo, NY (Robert J. Fluskey, Jr., Jason E. Markel, and Matthew K. Parker of counsel), for appellant.
Virginia & Ambinder, LLP, New York, NY (LaDonna M. Lusher and Jenny S. Brejt of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Labor Law article 19, the defendant appeals from (1) an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated April 11, 2024, and (2) an order of the same court dated June 13, 2024. The order dated April 11, 2024, insofar as appealed from, granted those branches of the plaintiff's motion which were for class certification and pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Gulchekhra Lutfieva as a plaintiff. The order dated June 13, 2024, denied the defendant's motion for leave to file a surreply to the plaintiff's motion.
ORDERED that the order dated April 11, 2024, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for class certification on the first, third, and fifth causes of action, and substituting therefor a provision denying that branch of the motion, and (2) by adding thereto a provision excluding from the class those individuals who were hired by the defendant on or after December 19, 2017, and who had executed mandatory arbitration agreements and class-action waivers, as well as those individuals who are union members subject to the mandatory arbitration provisions of certain collective bargaining agreements; as so modified, the order dated April 11, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated June 13, 2024, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff is a home health aide who was previously employed by the defendant and who worked 24-hour "live-in" shifts. In 2017, the plaintiff commenced this putative class action on behalf of herself and others similarly situated against the defendant, inter alia, to recover damages for violations of Labor Law article 19. The plaintiff moved, among other things, for class certification of a class defined as "[a]ll individuals who performed work on behalf of [the] Defendant as non-residential home health aides and/or personal care assistants in the State of New York" during a certain time period and pursuant to CPLR 3025(b) for leave to amend the amended complaint to [*2]add Gulchekhra Lutfieva as a plaintiff. The defendant moved for leave to file a surreply to the plaintiff's motion. In an order dated April 11, 2024, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In an order dated June 13, 2024, the court denied the defendant's motion. The defendant appeals.
"The proponent of a motion for class certification bears the burden of establishing compliance with the requirements of CPLR 901 and 902" (Medina v Fairway Golf Mgt., LLC, 177 AD3d 727, 727-728; see Cooper v Sleepy's, LLC, 120 AD3d 742, 743). CPLR 901(a) sets forth the following prerequisites to class certification: "1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; 2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members; 3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; 4. the representative parties will fairly and adequately protect the interests of the class; and 5. a class action is superior to other available methods for the fair and efficient adjudication of the controversy." "These requirements are to be liberally construed in keeping with the goals of CPLR article 9" (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 200 AD3d 1040, 1041; see Dowd v Alliance Mtge. Co., 74 AD3d 867, 869). "'Whether the facts presented on a motion for class certification satisfy the statutory criteria is within the sound discretion of the trial court'" (Jenack v Goshen Operations, LLC, 222 AD3d 36, 40, quoting Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422). "Nevertheless, this Court has the same discretion and may exercise it even where the trial court has not abused its discretion'" (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 200 AD3d at 1041; see Jenack v Goshen Operations, LLC, 222 AD3d at 40).
"When evaluating a motion for class certification, the court's inquiry 'vis-à-vis the merits is limited to a determination as to whether on the surface there appears to be a cause of action which is not a sham'" (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 200 AD3d at 1042, quoting Brandon v Chefetz, 106 AD2d 162, 168). However, "[c]onclusory assertions are insufficient to satisfy the statutory criteria" (Pludeman v Northern Leasing Sys., Inc., 74 AD3d at 422). "'A class action certification must be founded upon an evidentiary basis'" (Moreno v Future Health Care Servs., Inc., 186 AD3d 594, 596, quoting Yonkers Contr. Co. v Romano Enters. of N.Y., 304 AD2d 657, 658).
Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for class certification on the issues of whether the defendant violated the Labor Law by failing to pay overtime for hours worked in excess of 40 hours per workweek and by failing to pay an accurate rate of overtime (second cause of action) and by failing to timely pay all wages when due (fourth cause of action), and on the issues of whether the defendant violated Public Health Law § 3614-c (sixth cause of action) and Administrative Code of the City of New York § 6-109 (seventh cause of action) (see e.g. CPLR 906[1]). The plaintiff's evidentiary submissions in support of that branch of her motion satisfied all of the necessary factors outlined by CPLR 901(a) and were "'sufficient to satisfy the minimal threshold of establishing that [these causes of action] w[ere] not a sham'" (Medina v Fairway Golf Mgt., LLC, 177 AD3d at 729, quoting Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546, 547; cf. Konstantynovska v Friendly Home Care, Inc., 241 AD3d 1537; Moreno v Future Health Care Servs., Inc., 186 AD3d at 596-597). In addition, contrary to the defendant's contention, the plaintiff's submissions demonstrated that these claims "'arose out of the same course of conduct and [were] based on the same theories as the other class members'" (Medina v Fairway Golf Mgt., LLC, 177 AD3d at 728, quoting Ackerman v Price Waterhouse, 252 AD2d 179, 201).
However, with respect to these claims, the Supreme Court should have excluded from the certified class those individuals who were hired by the defendant on or after December 19, 2017, and who had executed mandatory arbitration agreements and class-action waivers, as well as those individuals who are union members subject to the mandatory arbitration provisions of certain collective bargaining agreements. In opposition to the plaintiff's motion, the defendant submitted evidence that in May 2018, it required current and newly hired employees to execute mandatory arbitration agreements and class-action waivers that included this action. The defendant further submitted evidence that in 2020 and 2022, it entered into collective bargaining agreements that [*3]likewise contained an agreement to submit grievances to arbitration. Contrary to the defendant's contention, the mandatory arbitration agreements, class-action waivers, and mandatory arbitration provisions of the collective bargaining agreements are not enforceable against those individuals who were already employed by the defendant at the time this action was commenced (see Alfaro v Vardaris Tech, Inc., 69 AD3d 436, 436; In re Currency Conversion Fee Antitrust Litig., 361 F Supp 2d 237, 253 [SD NY]). However, with respect to those individuals who were hired by the defendant after this action was commenced, the mandatory arbitration agreements, class-action waivers, and mandatory arbitration provisions of the collective bargaining agreements are enforceable (see Lorentti-Herrera v Alliance for Health, Inc., 173 AD3d 596, 596; Konstantynovska v Caring Professionals, Inc., 172 AD3d 486, 486; Weinstein v Jenny Craig Operations, Inc., 132 AD3d 446, 447).
The Supreme Court should not have granted that branch of the plaintiff's motion which was for class certification on the causes of action alleging that the defendant violated the Labor Law by failing to pay home health aides and personal care assistants for all hours of a 24-hour live-in shift (first cause of action), by failing to pay spread-of-hours premiums (third cause of action), and by failing to pay certain uniform laundering expenses (fifth cause of action) (see Konstantynovska v Friendly Home Care, Inc., 241 AD3d 1537). These issues are not suitable for class certification because they either require factual determinations that are "hopelessly individual" (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 200 AD3d at 1042; see Moreno v Future Health Care Servs., Inc., 186 AD3d at 595-596; Dowd v Alliance Mtge. Co., 74 AD3d at 869) or were not supported by the requisite evidentiary basis (see Moreno v Future Health Care Servs., Inc., 186 AD3d at 597; Rallis v City of New York, 3 AD3d 525, 526).
The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to add Lutfieva as a plaintiff. The proposed amendment did not result in surprise or prejudice to the defendant, nor was it palpably insufficient or patently devoid of merit (see Bergman v Rosalind & Joseph Gurwin Jewish Geriatric Ctr. of Long Is., Inc., 227 AD3d 942, 945; Guangzhou Sanhua Plastic Co., Ltd. v Fine Line Prods. Corp., 165 AD3d 899, 901-902; Garafola v Wing Inc. Specialty Trades, 139 AD3d 793, 794).
The Supreme Court providently exercised its discretion in denying the defendant's motion for leave to file a surreply to the plaintiff's motion (see Attallah v New York Coll. of Osteopathic Medicine, 189 AD3d 1324, 1326; Goldstein v Goldstein, 166 AD3d 729, 732).
The parties' remaining contentions either are improperly raised for the first time on appeal or without merit.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court