Alli v City of New York
2026 NY Slip Op 03656
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Ahmad Alli, et al., appellants,
v
City of New York, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2024-07502, (Index No. 514002/22)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Phillip Hom, JJ.

Law Office of John A. Scola, PLLC (John Scola and Jack Jaskaran New York, NY, of counsel), for appellants.
Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner, Philip W. Young, and Elina Druker of counsel), for respondents.

[*1]
DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Administrative Code of the City of New York § 8-107, the plaintiffs appeal from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated March 14, 2024. The order denied the plaintiffs' motion pursuant to CPLR article 9 for class certification.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this putative class action, inter alia, to recover damages on behalf of New York City Police Department (hereinafter NYPD) Captains of Asian descent who did not receive discretionary promotions to the rank of Deputy Inspector from September 27, 2018, until the present. The plaintiffs alleged that the NYPD denied them and the members of the putative class discretionary promotions beyond the rank of Captain due to their race in violation of the New York City Human Rights Law. The plaintiffs then moved pursuant to CPLR article 9 for class certification. In an order dated March 14, 2024, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
"The proponent of a motion for class certification bears the burden of establishing the requirements of CPLR article 9" (Moreno v Future Health Care Servs., Inc., 186 AD3d 594, 595; see Konstantynovska v Friendly Home Care, Inc., 241 AD3d 1537, 1538). CPLR 901 sets forth five prerequisites to class certification. "These factors are commonly referred to as the requirements of numerosity, commonality, typicality, adequacy of representation and superiority" (City of New York v Maul, 14 NY3d 499, 508; see Konstantynovska v Friendly Home Care, Inc., 241 AD3d at 1538). "These requirements are to be liberally construed in keeping with the goals of CPLR article 9" (Konstantynovska v Friendly Home Care, Inc., 241 AD3d at 1539; see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 183). "A class action certification must be founded upon an evidentiary basis" (Yonkers Contr. Co. v Romano Enters. of N.Y., 304 AD2d 657, 658; see Jenack v Goshen Operations, LLC, 222 AD3d 36, 44). "Whether the facts presented on a motion for class certification satisfy the statutory criteria is within the sound discretion of the trial court" (Jenack v Goshen Operations, LLC, 222 AD3d at 40 [internal quotation marks omitted]). "The Appellate Division likewise 'is vested with the same discretionary power and may exercise that power, even [*2]when there has been no abuse of discretion as a matter of law by the nisi prius court'" (City of New York v Maul, 14 NY3d at 509, quoting Small v Lorillard Tobacco Co., 94 NY2d 43, 52-53; see Konstantynovska v Friendly Home Care, Inc., 241 AD3d at 1539). "'Conclusory assertions are insufficient to satisfy the statutory criteria'" (Konstantynovska v Friendly Home Care, Inc., 241 AD3d at 1539, quoting Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422).
Here, even assuming, arguendo, that the plaintiffs demonstrated that "there are questions of law or fact common to the class which predominate over any questions affecting only individual members" (CPLR 901[a][2]), the plaintiffs' conclusory assertions that the class action "seeks widespread, systematic reform" were insufficient to establish that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (id. § 901[a][5]; see Burgos v B & H Healthcare Servs., Inc., 239 AD3d 585, 587; Rallis v City of New York, 3 AD3d 525, 526).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion pursuant to CPLR article 9 for class certification.
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court